GLEASON, RESPONDENT, *v.* MISSOURI RIVER POWER CO. ET AL., APPELLANTS.

(No. 3,185.)

(Submitted November 1, 1912.   Decided December 2, 1912.)

[128 Pac. 586.]

*Personal Injuries—Electricity—Evidence—Insufficiency—Negligence—Pleading and Proof—Instructions—Law of Case—Judgments—Conjecture—Reversal.*

Personal Injuries—Electricity—Evidence—Insufficiency.
   1.   In an action to recover damages for personal injuries to plaintiff, a lineman, claimed to have been sustained because of defendants' negligence in ordering him to make repairs on electric wires which, while unknown to him, were known to them to be then charged with a dangerous current of electricity, evidence *held* insufficient to sustain plaintiff's allegation of negligence.

Same—Negligence—Pleading and Proof.
   2.  Proof that an accident occurred and that plaintiff was injured thereby does not suffice to fasten liability therefor upon defendant master; to entitle the former to recover, he must prove the latter's negligence as alleged in the complaint.

Instructions—Law of Case—Duty of Jury.
   3.  The court's instructions constitute the law of the case, and are binding upon the jury.

Judgment—Conjecture—Reversal.
   4.  A judgment based upon a verdict arrived at by conjecture and speculation will be reversed on appeal.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Edwin Gleason against the Missouri River Power Company and another to recover damages for personal injuries. Plaintiff had judgment, and from it and an order denying them a new trial, defendants appeal. Reversed and remanded, with directions to enter judgment on the merits for defendants for their costs.

*Messrs. Wm. Wallace, Jr., John G. Brown,* and *T. B. Weir,* for Appellants, submitted a brief; *Mr. Brown* argued the cause orally.

Where the appellate court is in the same position as the jury to pass upon the facts, and the facts show the jury's findings to have been impossible or based upon speculation, the cause will be reversed. (*Nelson* v. *Big Blackfoot Co.,* 17 Mont. 556, 44 Pac. 81; *Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866; *Landsman* v. *Thompson,* 9 Mont. 182, 22 Pac. 1148; *N. P. Ry. Co.* v. *Schimmell,* 6 Mont. 161, 9 Pac. 889; *Knipe* v. *Washoe Co.,* 37 Mont. 161, 95 Pac. 129; *Walsh* v. *Mueller,* 16 Mont. 180, 40 Pac. 292; *Boe* v. *Lynch,* 20 Mont. 80, 49 Pac. 381; *Meyers* v. *Savery,* 19 Mont. 329, 48 Pac. 329; *Woolf* v. *Washington etc. Ry.,* 37 Wash. 491, 79 Pac. 997; *Spiro* v. *St. Louis T. Co.,* 102 Mo. App. 250, 76 S. W. 684.)

Where the verdict rendered in the trial court is without any support in the evidence, it is the duty of the appellate court to so declare, and set aside the judgment based on it. (*Illinois Co.* v. *Kinnare,* 93 Ill. App. 83; *Rock Island Ry.* v. *Dormady,* 103

Ill. App. 127; *Lake Erie & W. R. Co.* v. *Juday,* 19 Ind. App. 436, 49 N. E. 843.) The testimony of the plaintiff himself makes the question of the sufficiency of the proof in this case a matter of mere mathematical calculation (as it is), and where the evidence is of such a character that the appellate court stands on an equal footing with the jury in considering it, the appellate court should review it, and where the verdict is contrary to the evidence grant a new trial. (*Ellwood Mill Co.* v. *Jackson,* 11 Ind. App. 181, 38 N. E. 824; *Hazard Powder Co.* v. *Manufacturing Co.,* 78 Conn. 171, 112 Am. St. Rep. 144, 61 Atl. 519; *Lovitt* v. *Russell,* 138 Mo. 474, 40 S. W. 123; *Casto* v. *Baker,* 59 W. Va. 683, 53 S. E. 600; *Mississippi Oil Co.* v. *Starling Co.* (Miss.), 23 South. 648.)

The plaintiff has failed to prove the negligence complained of, and irrespective of whether or not we have established the impossibility of the accident as alleged, we have established that the plaintiff has failed to prove his case as laid. The well-defined rule of law is that the doctrine of *res ipsa loquitur* does not apply in master and servant cases, and it has expressly been held to not apply in master and servant electric cases. (*Looney* v. *Railway Co.,* 200 U. S. 480, 50 L. Ed. 564, 26 Sup. Ct. Rep. 303; *Beebe* v. *Transit Co.,* 206 Mo. 419, 12 L. R. A., n. s., 760, 103 S. W. 1019.) Since the happening of the accident is no proof of the negligence of the master, the plaintiff must prove not only the cause of his injury, but that that cause was a negligent act or omission on the part of the master. "If the testimony leaves either the existence of the negligence of the defendants, or that such negligence was the proximate cause of the injury, in conjecture, it is insufficient to establish plaintiff's case." (*Shaw* v. *New Year Gold Min. Co.,* 31 Mont. 138, 77 Pac. 515; *Olsen* v. *M. O. P. Co.,* 35 Mont. 400, 89 Pac. 731; *McGowan* v. *Nelson,* 36 Mont. 67, 92 Pac. 40; *McAuley* v. *Casualty Co.,* 37 Mont. 256, 96 Pac. 131; *Monson* v. *Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243.)

The care of a servant handling electricity should be proportionate to the danger. "Where the work upon which an employee of an electrical company is engaged is such that he may

sustain injury from a contact with wires carrying a high current of electricity, he should be held to the exercise of a degree of care commensurate with the risk involved, and if he is injured by failure to exercise the care required of him, he cannot recover therefor." (Joyce on the Law of Electricity, sec. 633a.) Gleason is clearly within this rule here, because he knew the wires were out of order and not in the usual working condition, and being in this condition he was engaged in a hazardous undertaking. "Knowledge that wires are liable to get out of repair, and when out of repair that they are dangerous to life, is something entering into the question of care as it applies to both parties." (*Gloucester Elec. Co.* v. *Dover,* 153 Fed. 139, 82 C. C. A. 291; *Junior* v. *M. E. L. & P. Co.,* 127 Mo. 79, 29 S. W. 988; *Hart* v. *Allegheny etc. Co.,* 201 Pa. 234, 50 Atl. 1010; *Martin* v. *Electric Co.* (Ky.), 92 S. W. 547; *Cosgrove* v. *Light Co.,* 98 Me. 473, 57 Atl. 841; *Dunn* v. *Cavanaugh,* 185 Fed. 451; *Hickok* v. *Light Co.,* 200 N. Y. 464, 93 N. E. 1113.)

*Messrs. Maury, Templeman & Davies,* for Respondent, submitted a brief; *Mr. J. O. Davies* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A complete statement of the facts in this case will be found in the preface to the opinion delivered upon the former appeal (*Gleason* v. *Missouri River Power Co.,* 42 Mont. 238, 112 Pac. 394), and need not be repeated here. After the cause was remanded to the district court plaintiff amended his complaint by alleging that the electric current which caused his injury was present on the wires, at the point where he was injured, only intermittently. The second trial resulted in a verdict and judgment in favor of plaintiff, and defendants have appealed from the judgment and from an order denying them a new trial. The former judgment in favor of plaintiff was reversed because the evidence was insufficient to support it or disclose a liability on the part of either defendant. The members of this court found it impossible to understand much of the testimony or to draw

any rational conclusions from it. The present record is little, if any, improvement over the former one. Much of the evidence was given by witnesses who qualified as experts, and to one not familiar with electrical science it is all but incomprehensible. Our attention is called to what are claimed to be manifest contradictions in the testimony of plaintiff as given upon the two trials, but these need not be considered further. Upon the former appeal it appeared to this court from the evidence, so far as it could be understood, that it was physically impossible for plaintiff's injury to have occurred as he testified it did occur, and we would be justified in saying in the present instance that the evidence comes as nearly demonstrating that plaintiff's injury was caused by his own negligent act as circumstantial evidence ever comes to actual demonstration. But we are not content to rest our conclusion upon this theory of the case alone.

The cause of action is negligence, and the specific act of negligence charged is that the defendants ordered the plaintiff to work upon their wires at a time when and place where defendants knew, or in the exercise of ordinary care should have known, that a dangerous current of electricity was or was likely to be. In the main the evidence is not materially different from what it was upon the first trial. The court below, fully appreciating the rule that the burden was upon the plaintiff to prove the negligence as alleged, instructed the jury that negligence could not be presumed from the mere happening of the accident, but that plaintiff must prove affirmatively (1) that a dangerous current of electricity was upon the line of wires at the time when and place where the plaintiff was directed to work; (2) that the defendants knew, or in the exercise of ordinary care should have known, it; and (3) that plaintiff's injury resulted proximately from the defendants' negligence in directing plaintiff to work [1] under such circumstances. It is now urged upon us that the evidence is insufficient to sustain the plaintiff's allegations of negligence, and in this view we concur.

A brief reference to the facts will suffice to illustrate our position. The plaintiff was injured while attempting to place fuses in the junction-pole fuse-box—work which he was directed by

these defendants to do. He reached this point some fifteen or twenty minutes before noon on the 5th day of August, 1907, climbed the pole to the fuse-box, took out three short wires which he had placed there as temporary fuses on the day before, and while attempting to place in the box the three fuses which he had been directed to place there, an arc was produced by which he was burned. The uncontradicted testimony of Joseph Levique, an employee of the Western Iron Works, as to the action of the motor in those works fifteen or twenty minutes before 12 o'clock noon on August 5, 1907, would seem to lead inevitably to the conclusion that plaintiff made connection in the fuse-box with each of the three fuses, and then, in attempting to adjust one of them, produced the arc which caused his injury. But in any event, if we understand this evidence, one fact is established beyond question, *viz.*, that the amount of current measured in amperes which could possibly be present on the line at the fuse-box was the amount which would be drawn there by the customers who used the current beyond that point, or an abnormal quantity drawn to the fuse-box by trouble on the line, such as a short circuit. Defendants had but three customers on the line beyond the fuse-box, and of these the Western Lumber Company was not using any power at all; the Western Iron Works was using about five amperes, and the Crescent Creamery about one ampere. But the utmost that these two customers could use was limited by the capacity of their motors, and this limit was twenty-eight and one-half amperes. Plaintiff testified that if the amount of current at the fuse-box did not exceed sixty amperes, he could not have been injured; in other words, a quantity less than sixty amperes was harmless. And in their brief counsel for plaintiff say repeatedly that it was impossible for the defendants' customers by any action on their part to have produced the excessive amperage at the fuse-box which caused the plaintiff's injury. The only conclusion, therefore, which can be drawn is that the accident was not produced by the action of defendants' customers, and there is not any evidence which tends to show that there was any trouble such as a short circuit on the line at any point unless at the fuse-box itself; and if there was

trouble at that point, it must have been produced by the plaintiff, for there was not anyone else present.

It is suggested that there was trouble on the line on August 3 which caused the fuses to be blown in this same fuse-box; but that accident is accounted for by the defendants, who say the trouble was caused by lightning, and in support of their theory the weather bureau records were introduced to show that at about the time the fuses were blown on August 3 a heavy storm was prevailing in Butte. But even if the trouble of August 3 was not produced by lightning, there is not anything else to account for it, and no suggestion that the same cause which produced the trouble on August 3 was present on August 5 at the time the plaintiff was injured. On the contrary, plaintiff removed the burnt fuses on the 4th and replaced them with the short wires as temporary fuses, and these he removed on the 5th, all without accident and without any indication that a dangerous current was then present on the line. It is not sufficient for the plaintiff to assert that the defendants knew that potentially all the current on feeder line 44 was present at every point on that line, and therefore at the fuse-box if perchance it should be drawn there by excessive use or by trouble such as a short circuit. Certainly the defendants cannot be charged with knowledge that their customers would use more current than the capacity of their motors, and neither can they be charged with knowledge that there was, or was likely to be, trouble on the line, in the absence of any evidence to that effect.

Plaintiff realized that the mere giving of the order to him to work at the time when and place where he was directed to work could not be held to constitute negligence, and therefore he supplemented that allegation with the statement that the defendants knew when they gave the order that a dangerous current of electricity was, or was likely to be, on the line at the point where plaintiff was directed to work. This allegation was essential to make out a cause of action; and it was equally essential that plaintiff prove the allegation as made, and this he failed to do. [2] He proved only an accident and his resulting injury, but

46 Mont.—26

this the trial court informed the jury was not sufficient. The rule announced by the court to the jury seems to have the support of the authorities generally. (*Looney* v. *Metropolitan R. Co.,* 200 U. S. 480, 50 L. Ed. 564, 26 Sup. Ct. Rep. 303; *Beebe* v. *St. Louis Transit Co.,* 206 Mo. 419, 12 L. R. A., n. s., 760, 103 **[3]** S. W. 1019.) But in any event, it constituted the law of the case and was binding upon the jury. (*State* v. *Northern Pac. Ry. Co.,* 41 Mont. 557, 111 Pac. 141.) Unless the cause of **[4]** this injury is attributable to the plaintiff's own act, then it was left entirely to conjecture and speculation, and the verdict is but the result of the jury's guesswork, and upon such flimsy groundwork a judgment cannot rest. (*State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Northern Pac. Ry. Co.,* above; *State* v. *Duncan,* 40 Mont. 531, 107 Pac. 510; *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *Beebe* v. *St. Louis Transit Co.,* above.) It was incumbent upon the plaintiff to prove the act of negligence as alleged in his complaint; but the difficulty of proving it does not affect the rule or call for its modification or abrogation.

This cause has now been tried twice in the district court and argued to this court three times. The plaintiff has failed to prove any negligence on the part of either defendant, and it is perfectly apparent that he cannot produce evidence to sustain the charge which he makes in his complaint.

The judgment and order are reversed and the cause is remanded to the district court, with directions to enter judgment on the merits for defendants for their costs.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.