*Order annulled.*

EDWARDS, APPELLANT, v. CITY OF HELENA, RESPONDENT.

(No. 4,661.)

(Submitted July 6, 1920. Decided July 9, 1920.)

[191 Pac. 387.]

*Cities and Towns—Water Supply—Indebtedness—Constitutional Limit—Validity of Bonds—Injunction—Taxpayer's Suit—Ordinances—When not Repealable.*

Cities and Towns—Water Supply—Constitutional Limit—Indebtedness—Validity of Bonds.
  1. A city cannot lawfully authorize a bond issue beyond the constitutional three per cent limit for the purpose of improving its water supply, if there is a sufficient margin within that limit to secure the needed funds; but if the council either purposely or through inadvertence declares it necessary to increase the city's indebtedness beyond the limit, when in fact the necessity does not exist, the bonds authorized by a favorable vote of the electors are nevertheless valid city obligations unless the vote was procured or influenced by the deception of the voters to their prejudice.
Same—Bonds and Interest—How Payable.
  2. Where a contemplated city bond issue is beyond the three per cent limit and is authorized by section 6, Article XIII, of the Constitution, the revenues of its water plant are irrevocably set aside for the discharge of the principal and interest, and a taxpayer who is not a water user cannot be called upon to contribute unless the revenues of the plant are insufficient, in which event only a property tax may be levied to supply the deficiency.
Same.
  3. Where the three per cent margin of a city's indebtedness is sufficient to admit of a contemplated bond issue of the nature of the above, the bonds become the ordinary obligations of the city to be redeemed by funds derived from direct taxes upon property within its limits, unless other provisions are made for the payment of principal and interest.
Same—Water System—Disposition of Revenues.
  4. If the revenues from a city owned water plant purchased by funds derived from a sale of bonds issued beyond the three per

cent limit of indebtedness exceed the amount necessary to discharge the indebtedness as it falls due, such excess is subject to disposition by the city council as other public revenues, and may be used to meet a new indebtedness created by an additional bond issue for the improvement of the system.

Same—Injunction—Taxpayer's Suit—When Dismissal Proper.
5. Where the situation of plaintiff taxpayer, in an action to enjoin the issuance and sale of municipal bonds for water supply purposes on the ground that the contemplated increase in the city's indebtedness was unauthorized because it still had a borrowing capacity within the constitutional three per cent limit, rendering the council's action in classifying the bonds as falling without the limit unnecessary, was no different from what it would have been had the council made the correct declaration in the ordinance calling a special election, he was not injured, and judgment of dismissal was proper.

Same—Ordinances—When Irrepealable.
6. An ordinance contractual in its nature, as is one in which it is agreed that if additional indebtedness in the shape of bonds should be authorized at a special election to provide for improving the city's water supply, the revenues derived from the plant would be devoted to the discharge of the indebtedness and resort to direct taxation would be had only in the event they should prove insufficient, and then only to meet the deficit, cannot, in the absence of a provision therein reserving the right of repeal, be repealed without the consent of the other party until the bonds and interest thereon are fully discharged.

[On effect of limitation of municipal indebtedness upon the acquisition of a water supply or sewer system, see note in 59 L. R. A. 604.]

*Appeal from the District Court of Lewis and Clark County;*
*Wm. H. Poorman, Judge.*

ACTION by Frank J. Edwards to restrain the city of Helena from issuing its water bonds. Complaint dismissed. Plaintiff appeals from the judgment. Affirmed.

*Mr. A. P. Heywood,* for Appellant, submitted a brief and argued the cause orally.

*Mr. E. C. Day* submitted a brief in behalf of Respondent and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On February 16 of this year an ordinance was passed by the city council of Helena, and approved by the mayor, directing that a special election be held on April 5 for the purpose

of submitting to the qualified electors the proposition to issue the bonds of the city in the sum of $200,000, the money to be used to install a pipe-line to convey a portion of the city's water supply from the source near Rimini to the reservoir near Helena. The preamble to the ordinance recites that the city owns its water supply and distributing system; that the portion of the supply in question has been conveyed through an open ditch; the necessity for the proposed improvement, and the probable cost of the same; that the city has almost reached the ordinary constitutional limit (three per cent) of indebtedness; and that to procure the funds to install the pipe-line it is necessary to increase the city's indebtedness beyond the three per cent limit. In the body of the ordinance is this provision: "The revenues of said city, derived from its said water system, shall be devoted to the payment of the principal and interest on said bonds, and the city council shall hereafter provide therefor. A tax to be fixed by ordinance must be levied each year, for the purpose of paying the interest on the bonds and to create a sinking fund for their redemption." The like provision is contained in the notice of election, which was duly given, and in the ballot provided is this recitation: "Which said bonds and the interest thereon shall be paid from the revenues derived by the city from its said water system." The election was held and the bonds authorized, but before they were issued this taxpayer's suit was instituted to restrain further proceedings.

The complaint recites the history somewhat more in detail, and alleges that, notwithstanding the recital in the preamble, the city had not almost reached the three per cent limit of indebtedness, but, on the contrary, there was still a margin within that limit of more than $300,000, an amount ample to secure the funds desired. To this complaint a general demurrer was interposed, and afterward sustained. From a judgment dismissing the complaint, this appeal is prosecuted.

It is the contention of appellant that the city could not lawfully authorize a bond issue beyond the three per cent [1]

limit so long as there was a sufficient margin within that limit to secure the funds desired, and this will be conceded at once; but it does not follow that because the city council, either purposely or through inadvertence, declared that it was necessary to increase the indebtedness beyond the three per cent limit, the bonds authorized by the favorable vote of the qualified electors are void. They are nevertheless the valid obligations of the city, unless the favorable vote was procured or influenced by the deception of the voters to their prejudice. Assuming the allegation of the complaint to be true, and the demurrer admits it to be true for the purpose of this case, the bonds, if valid, are the obligations of the city incurred within the ordinary limit (three per cent) of its indebtedness. It is a matter of vital consequence to the taxpayer whether the bonds are within or beyond the three per cent limit. If they [2, 3] are beyond that limit, and authorized by section 6, Article XIII, of the Constitution, the revenues from the city owned water plant are irrevocably set aside and dedicated to the discharge of the interest and principal, and a taxpayer who is not a water user may not be called upon to contribute anything, unless the water plant revenues are insufficient, and then only may a property tax be levied to supply the deficiency. On the other hand, if the margin within the three per cent limit is sufficient to admit of a bond issue in the amount necessary, such bonds become the ordinary obligations of the city, to be redeemed by funds derived from direct taxes upon property within the city, unless other provisions are made for their payment and the payment of the interest as it becomes due. It is upon the theory that the property of this plaintiff and of others similarly situated will be charged with the payment of these bonds that this action is prosecuted; but, in this instance, the premise for the theory is erroneous, and the theory itself fails.

It does not appear from this record whether the city's water system was purchased by funds derived from the sale of [4, 5] bonds issued in excess of the three per cent limit, but

it is not material here. If the three per cent limit was exceeded, the revenues from the water system are set apart to the discharge of that original indebtedness only to the extent that such revenues are necessary, and any excess is subject to disposition by the city council as other public revenues of the city. (*McClintock* v. *City of Great Falls,* 53 Mont. 221, 163 Pac. 99.) It is not claimed in this complaint that such revenues are not sufficient to meet the original indebtedness and this new bond issue; and it follows that the excess may be employed to discharge this new indebtedness, and that, if any tax levy is ever required, it will be only such as is rendered necessary to meet a deficit. In other words, plaintiff's situation is not different from what it would have been if the declaration by the city council had been correct.

But it is insisted by counsel for plaintiff that, even though [6] the revenues from the water system are available to discharge these bonds and pay the interest as it accrues, the city council cannot be compelled to make such application, even though it has declared in the ordinance that it will do so. Speaking in general terms, that contention would be available upon the theory that the same legislative body which passed this ordinance could hereafter repeal it; but to that general rule there is this exception, which is as well settled as the rule itself, *viz.:* An ordinance contractual in nature cannot be repealed without the consent of the other party, unless the right of repeal is reserved in the original ordinance itself, for such repeal would impair the obligation of the contract. (28 Cyc. 383.) Clearly, the ordinance of February 16 is contractual in its nature and effect. By its express terms the city agreed that, if these bonds were authorized, it would devote the revenues from the water system to their discharge and resort to direct taxation only in the event such revenues were insufficient, and then only to meet the deficit. It would violate every principle of justice and fair dealing to permit the city thus to influence a favorable vote and then refuse to carry out its promise. Since the ordinance of February 16 does not re-

serve the right of appeal, our conclusion is that it is irrepealable until these bonds and interest thereon are fully discharged, and that plaintiff fails to disclose wherein he is, or can be, injured.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Hurly, Matthews and Cooper concur.