VARN, ADMINISTRATRIX, APPELLANT, v. BUTTE ELECTRIC
RAILWAY CO. ET AL., RESPONDENTS.

(No. 5,960.)

(Submitted September 15, 1926. Decided October 6, 1926.)

[249 Pac. 1070.]

*Personal Injuries—Street Railways—Proximate Cause of Injury—Burden of Proof — Cities and Towns — Ordinances—
Power to Amend—Evidence.*

Personal Injuries—Street Railways—Withdrawing Allegations of Negligence from Jury—When Proper.
  1. In an action against a street railway company to recover damages for the death of a pedestrian alleged to have been caused by negligence of defendant's motorman and its failure to equip its car with proper appliances, the court properly withdrew from the jury's consideration those allegations of negligence which plaintiff failed to substantiate by a preponderance of her evidence.

Same—Proximate Cause of Injury—Burden of Proof.
  2. To justify recovery in a personal injury action the plaintiff has the burden of proving not only that the defendant was negligent but also that such negligence was the proximate cause of the injury, proof of each of these elements being indispensable.

Same—Proximate Cause of Injury—Evidence—Insufficiency.
  3. Where a pedestrian in crossing a street was first struck by a speeding automobile, hurled by it to the height of the machine, falling upon the street-car track where almost immediately after his body was struck by a street-car, evidence *held* to justify the conclusion of the jury that from it it was impossible to determine whether his death was proximately caused by colliding with the automobile or with the street-car and that, therefore, the evidence was insufficient to warrant a verdict in favor of plaintiff, under the above rule (par. 2).

Verdicts Based upon Conjecture cannot be Sustained.
  4. A verdict cannot rest upon conjecture, however shrewd, nor upon suspicion, however well grounded.

Evidence—Introduction of Part of Document—Adversary may Introduce Remainder.
  5. Under section 10515, Revised Codes of 1921, as well as under settled law generally, where one introduces a part of a document or writing (here a city ordinance), so much of the remainder as may tend to explain or qualify that which has been received, is admissible in evidence at the instance of his adversary.

2. See 20 R. C. L. 194.
4. See 27 R. C. L. 852.
5. See 10 R. C. L. 1088.

[77 Mont. 124.]

Cities and Towns—Street Railways—Ordinance Granting Franchise—
Portion Relating to Rate of Speed of Cars Amendable.
   6.  Where, in an ordinance granting a street railway franchise,
   the city expressly reserved its right to pass such ordinances
   under *its police power as it deemed necessary for the interests*
   of the city, it could thereafter properly by ordinance provide
   that the company could run its cars at a greater rate of speed
   than that prescribed in the franchise ordinance, the contention
   that the ordinance granting the franchise being contractual in
   its nature it was not amendable, without specific consent given,
   having no merit so far as this feature of the ordinance is
   concerned.

Same—Street Railways—Regulating Speed of Cars—Power of City.
   7.  A city, in the interest of public safety, has the inherent
   power to make such changes in the rate of speed indicated in
   a franchise granted to a street railway company, as it may see
   fit to make, even in the absence of consent by the company.

---

   [1–4]  Evidence, 23 C. J., sec. 1795, p. 52, n. 80, 81.  Negligence,
29 Cyc., p. 597, n. 42; p. 600, n. 56; p. 625, n. 24.  Street Railroads,
36 Cyc., p. 1581, n. 99, 1; p. 1582, n. 3; p. 1597, n. 2; p. 1608, n. 49.
Trial, 38 Cyc., p. 1618, n. 36.
   [5]  Evidence, 22 C. J., sec. 163, p. 196, n. 5, 7; p. 197, n. 13, 14.
   [6]  Street Railroads, 36 Cyc., p. 1459, n. 42.
   [7]  Municipal Corporations 28 Cyc., p. 693, n. 67; p. 696, n. 92.
Street Railroads, 36 Cyc., p. 1549, n. 42.

*Appeal from District Court, Silver Bow County; George*
*Bourquin, Judge.*

ACTION by Mary Varn, administratrix of the estate of John
Back, deceased, against the Butte Electric Railway Company
and others.  From a judgment for defendants, plaintiff ap-
peals.  Affirmed.

*Mr. H. A. Tyvand* and *Mr. F. K. Sullivan,* for Appellant,
submitted a brief; *Mr. Tyvand* argued the cause orally.

*Mr. J. L. Templeman, Mr. Sydney Sanner* and *Mr. Fred. J.*
*Furman,* for Respondents, submitted a brief; *Mr. Furman* ar-
gued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

By her complaint in this action the plaintiff charges the de-
fendant in three counts with negligently causing the death

---

6.  See 12 R. C. L. 211.

of John Back, and seeks recovery of $50,000 damages for his estate of which she is the administratrix. The first count in substance alleges a violation by the defendants of franchise Ordinance No. 434 of the city of Butte, and predicates defendants' negligence thereon, which ordinance, among other things, provides that no street-car shall be run at a rate of speed in excess of eight miles per hour in the portion of the city of Butte where the accident occurred, and requires that all street-cars operated shall carry and use headlights with proper reflectors. The second count charges the defendants with negligently causing the death of John Back by reason of (1) having run the street-car of the defendant company at an excessive rate of speed, *i. e.,* in excess of twenty miles per hour; (2) that the car was operated without a proper headlight and reflector; (3) that the defendants failed, in operation of the car, to keep it under control; (4) that the defendants failed to keep and maintain proper brakes on the wheels of the street-car so that it could be stopped in time to avert accident; (5) that the defendants failed to keep and maintain a sufficient headlight; (6) that the motorman failed to keep and maintain a proper lookout so as to enable him to stop the car before running over a person in a helpless condition on the track; and (7) that in the operation of the car the defendants failed and neglected to provide a fender or scoop on the front end of the car so as to prevent a person on the track from being run over when struck. The third count alleges a violation of general traffic Ordinance No. 1769 of the city of Butte, section 90 of which prohibits any street-car being operated between crossings within the city of Butte at a greater speed than twenty miles per hour, and at crossings faster than twelve miles per hour.

The defendants made joint answer denying all of the allegations of the plaintiff's complaint as to negligence in the operation of the street-car. Upon issue so joined the cause was tried before a jury. At the conclusion of all of the evi-

dence certain of the alleged acts of negligence were withdrawn by the court from the consideration of the jury, the cause being submitted only upon the issues as to the alleged negligence of the defendants: (1) By reason of the motorman's failure to keep and maintain a proper lookout so as to have avoided the accident; and (2) the failure of the motorman to discover the body of plaintiff's intestate in time to have stopped the car before colliding with it. The jury returned its verdict in favor of the defendants, upon which judgment was duly entered. A motion for a new trial was regularly made and by the court denied, and the appeal is from the judgment.

The assignments of error made by the plaintiff on this appeal relate (1) to the action of the trial court in withdrawing from consideration of the jury certain of the issues as to the alleged negligence of the defendants; and (2) in the admission of evidence over his objection.

It appears that the defendant company maintains two tracks on Park Street, over which it operates its electric street-cars, and that on June 1, 1925, at about the hour of 9:30 P. M., it being a dark night, plaintiff's intestate started to cross Park Street, going north at a left angle from the intersection of Oklahoma Street, and when at a distance of about forty-five feet west of the corner of Oklahoma Street, on Park Street, at or near the south track of the defendant company, he was struck by a speeding automobile, hurled in the air to the height of the top thereof, and fell upon the south track of the defendant company. The automobile was a large one, and, if not a closed car, had a top on it. After falling upon the track the deceased did not move, his head then being in a northwesterly direction and his legs in a southeasterly direction. Before near-by spectators could reach him in endeavor to afford relief an east-bound street-car operated by the defendant company, on which the defendant Ted Gerard was the motorman, collided with the deceased's body and pushed him along the track in front of the fenders or pilot boards for a distance of about

seventy-five feet. After the car had been stopped, the injured man was taken to a local hospital in a very serious physical condition. He was unconscious and remained so until on June 4, 1925, when he died from his injuries at the hospital to which he was taken.

1. The court took from the jury's consideration the following alleged acts of negligence on the part of the defendants: [1-4] (1) Failure of the motorman to keep the street-car under control; (2) defective condition of the headlight and reflector; (3) operation of the street-car at an excessive rate of speed; (4) failure to provide and maintain proper brakes on the street-car; (5) failure to provide a fender or scoop in front of the street-car; and (6) the alleged violation of the provisions of city Ordinance No. 434. Such action by the court is made the basis of the plaintiff's first six assignments of error. From a careful review of the entire record, we are of the opinion that the court acted properly in withdrawing these specifications of negligence from the consideration of the jury. The plaintiff's case was tried and submitted to the jury principally upon the theory of the alleged neglect of the motorman to maintain a proper lookout. The first five specifications of error are predicated upon alleged error of the trial court in taking from the jury's consideration the issues raised by the plaintiff's complaint as to the alleged negligence of the defendants: (1) In failing to keep the street-car under control; (2) in operating the street-car at a rate of speed too great to be prudent in a densely populated part of the city; (3) in failing to maintain and have on the street-car proper brakes; and (4) in failing to provide a fender or scoop in front of the street-car. These allegations of negligence were specific rather than general, and it devolved upon the plaintiff to prove them as alleged by a preponderance of the evidence, which he wholly failed to do. Under such circumstances, it was proper for the court, on defendant's motion, to refuse to submit such issues to the jury.

From a review of all of the evidence we are of opinion that the jury were unable to determine whether the injuries resulting in the death of plaintiff's intestate were proximately caused by his colliding with the automobile or with the street-car, and in consequence, following correct principles of law, refused to hold the defendants responsible. To justify recovery in a personal injury action the plaintiff has the burden of proving not only that the defendant was negligent, but also that such negligence was the proximate cause of the injury. Proof of each of these elements is indispensable. (*Fisher* v. *Butte Elec. R. Co.,* 72 Mont. 594, 235 Pac. 330.) "A verdict cannot rest upon conjecture, however shrewd, nor upon suspicion, however well grounded." (*Fisher* v. *Butte Elec. R. Co., supra; Gleason* v. *Missouri River Power Co.,* 46 Mont. 395, 128 Pac. 586; *Olsen* v. *Missouri River Power Co.,* 35 Mont. 400, 89 Pac. 731.)

2. The sixth specification of error is based upon the court's [5] action in withdrawing from the consideration of the jury issue raised by the first count of plaintiff's complaint, *i. e.,* alleged violation of Ordinance No. 434, for the reasons: (1) That the complaint does not charge that any violation of the ordinance was a proximate cause of the injury or damage suffered by the plaintiff's intestate; and (2) that the ordinance was repealed and supplanted with respect to its limitation as to the speed of street-cars by Ordinance No. 1769.

The seventh and eighth assignments of error relate to alleged errors committed by the court in the admission of evidence on cross-examination respecting the provisions of city Ordinance No. 1769. These three assignments of error have been properly grouped and argued by counsel, and we will therefore consider and dispose of them together.

On February 17, 1897, Ordinance No. 434 was passed, conferring upon the Butte Consolidated Railway Company, the defendant company's predecessor in interest, a franchise to construct its street-car line and operate street-cars thereon

in the city of Butte. Therein it is provided, among other things, that the street-cars shall be operated at a speed not exceeding eight miles per hour, and that all cars, when run at night, shall be equipped with a headlight and reflector. The first count of the plaintiff's complaint is based upon a violation of this ordinance by the defendants in the operation of the street-car which struck the decedent. The evidence is undisputed that the car in question was provided with a proper headlight and reflector. As to the speed limitation contained in the ordinance, it appears to have been subsequently changed on August 15, 1923, by the enactment of Ordinance No. 1769, provided that the original ordinance was properly amendable. This brings us at once to a consideration of the seventh and eighth assignments of error.

On direct examination the plaintiff was permitted to prove by his witness, C. J. Harrington, city clerk, the provisions of sections 3 and 16 of Ordinance No. 434. Section 3, among other things, limits the rate of speed at which street-cars could be operated under the ordinance to eight miles per hour, and section sixteen provides: "That nothing herein contained shall be so construed as to prevent said city council from passing all ordinances and resolutions necessary for the protection of the interests of the city of Butte, and to carry out the spirit and provisions of this ordinance and franchise."

Further, on direct examination, the title of Ordinance No. 1769 and section ninety thereof were admitted in evidence. The title reads: "An ordinance relating to the use of public highways and all other places of the city of Butte open to the public for the use of vehicles; providing penalties for the violation thereof, and repealing all ordinances in conflict therewith." Section 90 is as follows: "It shall be unlawful to run or operate a street car within the limits of the city of Butte at a speed faster than twelve miles per hour across crossings or at a speed faster than twenty miles per hour between crossings."

On cross-examination the witness stated that Ordinance No. 1769 is still in full force and effect, and over plaintiff's objection he was permitted to testify, reading from the ordinance, that by section 2 thereof it is "declared to be an exercise of the police power of the state of Montana and of the city of Butte for the public safety, and its provisions shall be liberally construed for the accomplishment of that purpose." And further, on cross-examination, over plaintiff's objection, section 130 of the ordinance was admitted, which reads as follows: "All ordinances or parts of ordinances in conflict herewith are hereby repealed." A part of the ordinance having been introduced in evidence by the plaintiff, it was quite proper for the defendants on cross-examination to make inquiry as to the provisions of other pertinent sections thereof, or, if they saw fit, to inquire respecting all other parts thereof, or to have the ordinance admitted in its entirety. (Sec. 10515, Rev. Codes 1921.)

Independent of the statute it is well settled law that the introduction of a part of a document or writing renders admissible so much of the remainder thereof as may tend to explain or qualify that which has been received. (Jones Com. on Evid. (Horwitz) sec. 293.) The rule appears to be universal that where part of a conversation or of a writing has been admitted in evidence, any further part or portion thereof which may in any way explain or qualify the portion received is proper to be admitted. The rule is thus stated by Prof. Wigmore in his treatise on evidence, 2d ed., section 2108, quoting from Johnson, J., in *Vance* v. *Reardon*, 2 N. & Mo. 299, 303: "A party is not presumed, nor is he bound, to know what evidence his adversary will adduce against him; and if he (the adversary) be permitted to extract from a record only so much as he may deem necessary to his own side of the question and to give it in as evidence, he will always take care to leave out that which makes against him. By the same rule, the opposite party would have the same right to extract so much as may

be subservient to his side of the question." And, further, quoting from Porter, J., in *Dismukes* v. *Musgrove*, 8 Mart. (n. s.) 375, 381: "The necessity for producing the whole of a record is founded on the idea that the part omitted contains something unfavorable to the party offering it, and that the construction must be gathered from the whole taken together." This rule is given recognition by this court in *State* v. *Jackson*, 9 Mont. 508, 24 Pac. 213, and *McConnell* v. *Combination M. & M. Co.*, 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194.

Such evidence having been properly admitted, the record [6] presents this situation as a matter of law, *i. e.*, the original franchise Ordinance No. 434 provided that it should not be so construed as to prevent the city council from passing all ordinances and resolutions necessary for the protection of the interests of the city and to carry out its spirit and provisions. The later ordinance, No. 1769, changed the regulation respecting the rate of speed at which street-cars may be operated from eight miles per hour to twelve miles per hour across crossings and twenty miles per hour between crossings, made declaration that it was enacted in the exercise of the police power of the state of Montana and of the city of Butte for the public safety, declared that its provisions shall be liberally construed for the accomplishment of its purpose, and repealed all ordinances or parts of ordinances in conflict with its provisions. Ordinance No. 1769 would appear to be controlling as to the rate of speed the defendants were permitted to run at the time of the accident, unless there is merit in the plaintiff's contention that Ordinance No. 434, being contractual in character, is not properly subject to amendment or repeal, and that Ordinance No. 1769, being general in character, cannot effect a repeal of Ordinance No. 434, which is a private or special statute. Counsel for appellant urge that since Ordinance No. 434 is a franchise, contractual in nature, it is not repealable unless it be shown that by its terms the right of repeal is

reserved as respects the particular portion thereof attempted to be modified or repealed by subsequent enactments.   In support of this contention *Edwards* v. *City of Helena,* 58 Mont. 292, 296, 191 Pac. 387, Dillon on Municipal Corporations, vol. 3, 5th ed., sec. 1306, and *Equitable Life Assurance Co.* v. *Hart,* 55 Mont. 76, 87, 173 Pac. 1062, are cited.   These authorities are not in point, and do not sustain the plaintiff's contention. They all have reference to contracts embodied in a franchise ordinance, fixing substantial rights, and do not deny the city's right to modify or change its police regulations in the interest of the public health or safety.   They have bearing upon vested mutual contractual obligations of a wholly different character. For instance, the *Edwards Case* deals with an ordinance contractual in its nature, whereby a fixed financial obligation is placed upon the city, and, as to it, this court properly held that in the absence of provision reserving the right to repeal such part of the ordinance, it could not be repealed by a subsequent enactment without the consent of the party beneficially interested until after the obligation had been fully discharged.

Ordinance No. 434 gave recognition of the right of the city to change its police regulations and to that extent modify the original franchise without specific consent thereto.   Thus there can be no question as to the right of the city to change the speed limit as it did by Ordinance No. 1769.   However, in the [7]   absence of such consent the city would have the inherent power to make such a change in the speed of street-cars operated on its streets in the interest of the public safety.   (28 Cyc. 692; *City of Helena* v. *Helena Light & R. Co.,* 63 Mont. 108, 207 Pac. 337.)

The evidence was properly admitted, and, it appearing therefrom that the rate of speed prescribed for street-cars by Ordinance No. 434 had been changed by subsequent enactment, as above indicated, plaintiff's cause of action stated in the first count of her complaint is without foundation.

Finding no error committed by the district court, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES STARK and MATTHEWS and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.