## O'MARA v. THE STATE OF OHIO.

*Constitutional law—Motor vehicles—Regulation of speed—Section 12603, General Code—Criminal law—Charge to jury—Special requests before argument.*

1. Section 12603, General Code, as amended in 108 Ohio Laws, pt. 1, 471, making it unlawful to operate a motor vehicle at an unreasonable speed, is constitutional.

2. The court may in the exercise of its discretion in a criminal case give one or more special charges requested by counsel before argument, and refuse others.

(Decided December 5, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Littleford & Ballard,* for plaintiff in error.

*Mr. Louis H. Capelle,* prosecuting attorney, and *Mr. Charles F. Elstun,* assistant prosecuting attorney, for defendant in error.

HAMILTON, P. J. Plaintiff in error was convicted on a charge of manslaughter. The acts, on which is based the charge, are that in the unlawful operation of his automobile, plaintiff in error drove his machine against one Adolph L. Ritter, striking him with the front of the machine, resulting in the death of Ritter.

The prosecution is under Section 12603, General Code, as amended in 108 Ohio Laws, part 1, 471, which statute makes it unlawful to operate "a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the

general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person," etc.

It is argued strongly for plaintiff in error that this section is unconstitutional and void, as being too indefinite and leaving to the jury the question whether or not the act done was a crime.

The constitutionality of Section 12603 was squarely before the court in the case of *State of Ohio* v. *Schaeffer*, 96 Ohio St., 215, where the section was held to be a valid statute. While there has been a subsequent amendment to the statute since the decision in the case of *State* v. *Schaeffer*, the part complained of is the identical language used in the section before the amendment. Whatever our personal views may be upon the question of the constitutionality of such a statute, we are bound by the decision of the supreme court in the case of *State* v. *Schaeffer, supra*.

Before the argument, counsel for plaintiff in error requested several special charges, which were refused by the court, and this refusal is urged as a ground of error. In the case of *Wertenberger* v. *State of Ohio*, 99 Ohio St., 353, the supreme court holds:

"Under Section 13675, General Code, the court is authorized but not required at the conclusion of the evidence, upon the request of the state or of the accused, to charge the jury before argument upon the points of law requested and pertinent to the case."

Under this decision it is clear that it was not error on the part of the court in its discretion to decline to give the special charges requested. It is argued that the court did give one special charge

for the state and one for the defense, and, by so doing, brought about a situation in which it could not refuse to give the special charges requested, if they contained the law pertinent to the case. Since, under the holding in the case of *Wertenberger* v. *State,* the giving or refusing of special charges in a criminal case, is within the discretion of the court, we see no reason why the court, in the exercise of that discretion, could not give some of the charges and refuse others.

Several other points of error are claimed and argued, but we do not find them to be of substantial character.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.