HOPKINS *v*. KISSINGER.

230

(Decided April 30, 1928.)

*Messrs. Kennedy, Manchester, Conroy & Ford,* for plaintiff in error.

*Messrs. Henderson & Kennedy,* for defendant in error.

HOUCK, J. The parties stand here in the same relative positions they held in the lower court.

The lawsuit grows out of a collision between an automobile driven by Carl Newberry, in which plaintiff, Catherine Hopkins, was a passenger, and one owned and operated by the defendant, Clarence A. Kissinger. Plaintiff claims that she received permanent bodily injuries as a result of said accident, the same being caused by the gross negligence and carelessness of the defendant, which acts of negligence she fully sets forth in her petition, as follows:

(1) In causing and permitting his automobile to collide with the automobile in which the plaintiff was riding.

(2) In carelessly, recklessly and negligently operating his automobile in the closely built up section of the municipality at a speed of 30 to 40 miles per hour in violation of the state statute.

(3) In operating said car at a speed, upon a public street of said city, greater than is reasonable and proper having due regard to the width, traffic,

use and the general and usual rules of such highway in violation of the state statute.

(4) In carelessly, negligently, and unlawfully failing to keep a proper lookout ahead.

(5) In negligently failing to keep his car under proper control and in failing to divert the course of his car after the defendant saw or in the exercise of ordinary care ought to have seen the position upon the highway of the machine in which plaintiff was riding.

Defendant in his answer denied any act or acts of negligence on his part, and averred that the collision was solely caused by the negligence of Newberry, the driver of the car in which the plaintiff was riding at the time of the accident.

The plaintiff sought to recover the sum of $20,000, but the jury, after hearing the evidence, argument of counsel, and charge of the trial judge, returned a verdict for the defendant. To the overruling of the motion for a new trial, and the entering of judgment upon the verdict, error is here prosecuted, and a reversal of the lower court's judgment is sought upon the following grounds:

(a) Error in giving in charge to the jury before argument, by the trial judge, four written requests on behalf of the defendant.

(b) That the verdict and judgment are against the manifest weight of the evidence.

It is urged that none of the written requests given to the jury before argument is in keeping with the facts, and that none is applicable to them, and that all are misleading and prejudicial to the rights of plaintiff.

An examination of the law as embodied in these requests satisfies us that they cover the issues raised by the pleadings, and the facts, as proven.

True, they are not, or at least No. 2 is not, in accord with the theory of the case as claimed by the plaintiff, yet the facts fully authorize the giving of this charge, as the law of the road is clearly stated therein.

The charge reads:

"I say to you as a matter of law that it was the duty of Mr. Newberry before turning or changing his course to make sure that such movement could be made in safety, and to cause signals to be made of his intention to turn or change his course in a way visible outside of his automobile, and if his failure so to do was the sole cause of the collision in this case, your verdict should be for the defendant."

This request is predicated upon the provisions of Section 6310-22, General Code. Plaintiff insists that this statute is unconstitutional for the reason that it creates and establishes an impossible standard as between the drivers of automobiles, and as to their relative rights, without regard to the facts in each individual case.

Learned counsel for the plaintiff say:

"It is our contention that this statute is not constitutional. It is in contravention to the due process clause of the Federal Constitution as well as the equal protection amendment. No driver can make sure of crossing a street. It is not at all like a stop sign. When a driver sees a stop sign, the standard of his conduct is easily ascertainable. He simply has to stop. He knows exactly what to do. When you say, however, that he has to make sure, you are calling upon him to do something that he does not know how to do or what to do because it is impossible for him to be sure of anything."

We do not take the same view of this statute that plaintiff's counsel claim.

The rule is well fixed that every presumption is in favor of the validity of an act of the Legislature, and that all doubts are resolved in support of the law. Courts also presume that the Legislature acted wisely, and with an honest purpose to keep within the restrictions and limitations laid down by our state and Federal Constitutions.

Another universal principle applied in considering constitutional questions is that a law will be so construed, if possible, as to avoid conflict with the Constitution, although such a construction may not be the most obvious or natural one.

Is this statute against public policy, as insisted upon by counsel for plaintiff?

The Ohio rule as to this question seems to be settled in the case of *Probasco, Exr.,* v. *Raine, Aud.,* 50 Ohio St., 378, 390, 34 N. E., 536, 538, where the court says:

"Whatever may be the rule elsewhere, it is clear that in this state the validity of an act passed by the legislature must be tested alone by the constitution, and that the courts have no right or power to nullify a statute upon the ground that it is against natural justice or public policy.

"When the legislature is silent, the courts may declare the public policy, and mark out the lines of natural justice; but when the legislature has spoken, within the powers conferred by the constitution, its duly enacted statutes form the public policy, and prescribe the rights of the people, and such statutes must be enforced, and not nullified, by the judicial and executive departments of the state.

"When the legislature, within the powers conferred by the constitution, has declared the public

policy, and fixed the rights of the people by statute, the courts cannot declare a different policy or fix different rights. In this regard the legislature is supreme, and the presumption is that it will do no wrong, and will pass no unjust laws. The remedy, if any is needed, is with the people and not with the courts."

Does the questioned statute and likewise the questioned charge violate the "rule of reason?"

The following cases bear us out in the conclusion here announced: *State* v. *Schaeffer,* 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137; *Harrison* v. *State,* 112 Ohio St., 429, 440, 147 N. E., 650; *O'Mara* v. *State,* 16 Ohio App., 62.

Under the rules of law herein laid down, and the authorities cited, we are bound to conclude that the claimed error in giving the four propositions of law in charge to the jury before argument was not prejudicially erroneous and was not in violation of any legal rights of the plaintiff.

Are the verdict and judgment against the manifest weight of the evidence?

We have read the evidence offered in the trial below, as contained in the bill of exceptions, for the purpose of determining the soundness of the claim of plaintiff as to the verdict and judgment being against the manifest weight of the evidence. This it was necessary for us to do in order to properly determine the question.

The evidence was very conflicting as to some of the material facts, and different minds might reach different conclusions from it. Nevertheless, under such circumstances it is not within the province and power of a reviewing court to substitute its opinion for that of the jury, because mere difference of opin-

ion on the part of the court and the jury will not justify the court in setting the verdict aside. It seems unnecessary to say that differences of opinion between court and jury, such as reasonable men might have between themselves, will not justify the setting aside of a verdict of a jury because of the claim that such verdict is against the manifest weight of the evidence, for the reason that under such circumstances the effect would be to abolish the institution of juries and to substitute the court to try all questions of fact. It must be clearly apparent to a reviewing court that the jury has erred, and that the verdict is manifestly against the weight of the evidence, before the court will disturb the verdict upon that ground. The weight and credibility of all of the evidence is for the jury to pass upon, and unless the verdict is clearly and manifestly wrong a court ought not to interfere with it. In other words, the verdict of a jury should not be set aside by a court, whether that court be a trial judge or a reviewing one, on account of any mere difference of opinion between the court and the jury as to the weight of the evidence, but only where the verdict is unsupported by or is against the decided weight of the evidence.

The burden of proof in the case before us was upon the plaintiff, and it rested with her to establish by a preponderance of the evidence each and all of the material allegations of her petition. The jury by its verdict found against her. The rule is well known that he who affirms must prove, and when the whole of the evidence upon the issue involved leaves the case in equipoise, the party affirming must fail.

Applying this principle to the evidence offered in this case by both plaintiff and defendant, and keeping in mind that the jury found the issues raised by

the pleadings on the proof offered in favor of the defendant, and further keeping in mind the sharp conflict in the evidence, we are clearly of the opinion that a reviewing court is not authorized or empowered under such circumstances to say that the jury went wrong, and that the verdict, and the judgment entered thereon, are against the manifest weight of the evidence.

The record in this case speaks for itself, and it clearly discloses that the cause was ably tried by learned counsel, and that the trial judge carefully guarded the interests of the parties and their legal rights in his charge to the jury as to the law.

Therefore a reviewing court under such circumstances has but one thing to do and that is to sustain the verdict of the jury and the judgment entered thereon by the court. While a reviewing court might not be in full accord with the verdict of a jury, yet it has no authority in law, and it would be unwise and improper for it to so attempt, to substitute its judgment for that of the jury if upon the whole case and under all the facts the court is not satisfied that the verdict is manifestly against the weight of the evidence, which, in the present case, it is not. Therefore the claimed error that the verdict and judgment are against the manifest weight of the evidence is not sustained.

Finding no error in the record of such prejudicial nature as would invalidate the verdict and judgment below, the same is affirmed.

*Judgment affirmed.*

Farr and Williams, JJ., concur.

Judge Houck, of the Fifth Appellate District, and Judge Williams, of the Sixth Appellate District, sitting in place of Judges Pollock and Roberts, of the Seventh Appellate District.