WHITNEY, APPELLANT, v. NORTHWEST GREYHOUND LINES, INC., RESPONDENT.

No. 9024.
Submitted October 25, 1951. Decided March 15, 1952.
242 Pac. (2d) 257.

Mr. H. L. Maury, Mr. A. G. Shone, Butte, for appellant.
Mr. S. O. Meyer, Mr. William Meyer, Butte, for respondent.
Mr. Maury, Mr. S. O. Meyer and Mr. William Meyer argued orally.

MR. JUSTICE ANGSTMAN:

This action is to recover damages alleged to have been sustained by plaintiff when riding in a bus operated by defendant and which overturned on highway No. 10 about eight miles west of Ellensburg, Washington, on January 13, 1949, en route from Seattle to Spokane. The complaint alleged that the bus driver while acting within the scope of his employment with defendant, ''so carelessly and negligently operated and drove said bus, that in attempting to pass a truck moving in the same direction as the bus, the said bus driver drove said bus so far to the left,

and wrong side of said highway, that the said bus went off the said highway on the left side thereof, and turned over on its side," causing the injuries to plaintiff complained of. It was alleged that the bus was "under the exclusive control, operation and management of the defendant."

The answer was a general denial except that it admitted that the bus was under the exclusive control, operation and management of defendant. The answer contained an affirmative defense to the effect that the bus driver blew the horn on the bus as he attempted to pass the truck; that when he started to pass the truck it was on the right of the center line of the highway marked by a yellow line and there was then room on the left for the bus to pass, but that while attempting to pass the driver of the truck without warning swung the truck to the left and "directly in the path of the bus; that in an attempt to keep said bus from being struck by said truck, the bus driver slowed down, and turned his bus to the left, but notwithstanding his efforts to avoid being struck by said truck, said bus was struck by said truck and was thereby crowded off the road onto the north side of said highway into a snow bank and turned partly over." It also contained another affirmative defense which was abandoned at the trial.

The reply put in issue the affirmative allegations of the answer. The trial resulted in a verdict in favor of defendant. Plaintiff's motion for a new trial was denied and she has appealed from the judgment. Such portions of the evidence necessary to present the legal questions involved will be alluded to later.

Error is predicated upon instructions given over plaintiff's objection and in refusing some instructions offered by plaintiff. The principal legal question presented is whether the doctrine of *res ipsa loquitur* applies under facts and circumstances presented by the record, and if so, was the jury properly instructed on the subject. Interwoven with this general subject is the usual difference of opinion between counsel as to whether under that doctrine there is a shifting of the burden of proof. On

that point the courts are in disagreement. Even this court has gone both ways on the question.

The early case of Ryan v. Gilmer, 2 Mont. 517, 25 Am. Rep. 744, held that when the doctrine applies it places the burden upon defendant of proving that there has been no negligence. This case was followed in Dempster v. Oregon Short Line R. R. Co., 37 Mont. 335, 96 Pac. 717, and in Callahan v. Chicago, B. & Q. R. R. Co., 47 Mont. 401, 133 Pac. 687, 47 L. R. A., N. S., 587.

In the case of Vonault v. O'Rourke, 97 Mont. 92, 107, 33 Pac. (2d) 535, 541, this court said: " 'The doctrine of res ipsa loquitur does not cast upon the defendant the burden of disproving negligence in the sense of making it incumbent upon him to establish freedom from negligence by a preponderance of the evidence.' 20 R. C. L. 195 * * *. The doctrine does not alter the general rule that the burden is upon the plaintiff throughout the case to prove the negligence complained of." This case was followed in Hickman v. First National Bank, 112 Mont. 398, 117 Pac. (2d) 275.

It is not necessary in this case to announce the correct rule since the court by instructions given without objection placed the burden of proof on plaintiff. Neither is it necessary to determine whether under the doctrine of *res ipsa loquitur* there arises a presumption of negligence on the part of defendant or only an inference. The terms are often used interchangeably by some courts.

The plaintiff's proof showed that she was a passenger for hire riding on the bus at the time it overturned. She occupied the seat directly behind the driver of the bus. Beside her sat Mr. Harold Oathes, the business agent for the motor employees' union. She observed the truck and trailer when the bus was one-eighth of a mile away. She observed the trailer swaying. She said that the bus driver was conversing with Mr. Oathes who had his head over the seat of the driver.

When the bus which was traveling about 50 miles per hour got to within 300 feet of the trailer the driver turned it to the left to pass the trailer, at the same time conversing with Mr.

Oathes, and the left front wheel got caught in the snow bank, which pulled it off the road. The snow flew over the windshield so that nothing could be seen and the bus turned over.

The evidence of defendant was to the effect that the bus driver did not talk with Mr. Oathes while the bus was in motion; that the overturning of the bus was due to the following: That as the bus driver was in the act of passing the trailer and truck, the truck driver swung to the left so far as to cause the trailer to strike the bus and that to avoid injury to the passengers he turned so far to the left as to cause the bus to overturn. There was a conflict in the evidence as to whether there was a mark on the bus where the trailer is supposed to have struck it. Defendant produced witnesses who stated that there was a mark or indentation on the bus above the window near the rear wheel but that it was not sufficient to knock the bus off the highway. Plaintiff submitted proof to the effect that a witness was unable to find any such mark.

There is much discussion in the briefs as to the extent of plaintiff's injuries. With that question we are not now concerned except to say that the evidence showing the extent of the injuries is in sharp conflict and under well-settled rules solution of the question is for a jury under proper instructions.

The court gave to the jury the following instruction: "You are instructed that the fact of injury, if any, to the plaintiff raises no presumption of negligence on the part of the defendant. You are instructed that the defendant is presumed to have fulfilled and performed all of the obligations and duties resting upon it, and before the plaintiff can recover in this action she must establish to your satisfaction, by a preponderance of all the evidence in the case, that the defendant herein was negligent in manner and form as specified in her said complaint, and that the said negligence of the defendant was the proximate cause of the injury to the plaintiff, if any, as 'proximate cause' is defined in these instructions."

Plaintiff objected to the giving of the instruction as follows: "As to that we object for in this particular case when the un-

usual turnover is proven and not disputed, the relation of carrier and passenger and the law relative thereto shifts the burden of proof to the defendant to show that it was not negligent, and that there is no duty remaining on the plaintiff to carry the burden further than the physical facts that are shown by the undisputed evidence and are admitted to have happened in this case. We have a further objection on the instruction on the ground that there is no presumption in this case that the defendant is presumed to have fulfilled and performed all the obligations and duties resting upon it.''

The *res ipsa loquitur* doctrine simply stated is this: That when an instrumentality which causes injury, without any fault of the injured person, is under the exclusive control of the defendant at the time of the injury, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, then the law infers negligence on the part of the one in control as the cause of the injury. The doctrine is especially applicable when there exists the relationship of passenger and carrier and applies to carriers by bus where injury results from overturning of the bus. 7 N. C. C. A. (n. s.), pp. 658, et seq.

The instruction above quoted is directly contrary to the *res ipsa loquitur* doctrine and hence contsitutes reversible error unless for some reason the doctrine does not apply to this case. Defendant contends that it does not apply because plaintiff pleaded and proved specific acts of negligence and that the courts hold the doctrine does not apply under such circumstances. The courts are not in agreement as to what effect the pleading of specific acts of negligence has upon plaintiff's right to rely on the doctrine of *res ipsa loquitur*. 38 Am. Jur., Negligence, sec. 305, p. 1001.

We agree with plaintiff that the allegations of negligence in this case are general and not specific. The case is very similar to that of Francisco v. Circle Tours Sightseeing Co., 125 Or. 80, 265 Pac. 801, 802. There the allegations were: ''That when said automobile was a few miles west of the 'Columbia Gorge

Hotel' in said county, the defendant carelessly, negligently, and recklessly drove said automobile off the said highway and into a ditch which paralleled said highway, thereby causing the said automobile to be violently tipped to its right side, all of which resulted in severe and permanent injuries to the plaintiff, the same being hereinafter more specifically set forth.'' The court held that the doctrine had application.

To the same effect under similar allegations are: Vonault v. O'Rourke, supra, 97 Mont. 92, 33 Pac. (2d) 535; Jianou v. Pickwick Stages System, 111 Cal. App. 754, 296 Pac. 108; and Price v. Metropolitan Street Ry. Co., 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588; and compare Leet v. Union Pacific R. Co., 25 Cal. (2d) 605, 155 Pac. (2d) 42, 158 A. L. R. 1008.

Defendant contends that the proof offered by plaintiff shows specific acts of negligence and that in consequence the doctrine of *res ipsa loquitur* has no application. The court in the Price Case, supra [220 Mo. 435, 119 S. W. 937], discussed this question and said: ''Nor are we impressed with the contention made that, because plaintiff on her case in chief put in proof of some specific acts of negligence, she is thereby precluded from the presumption of negligence to which she was entitled under her petition, it being one charging negligence in general terms and not specifically. In so doing she assumed a burden that she did not have to assume in making out a prima facie case, but it does not lose [her] the right of resting upon the presumption, if the evidence so introduced does not clearly show what did cause the accident. The rule is well stated by the Supreme Court of Massachusetts, in Cassady v. Old Colony Street Railway Co., 184 Mass. [156] 163, 68 N. E. [10] 12 (63 L. R. A. 285): 'The defendant also contends that, even if originally the doctrine would have been applicable, the plaintiff had lost or waived her rights under that doctrine because, instead of resting her case solely upon it, she undertook to go further, and show particularly the cause of the accident. This position is not tenable. It is true that, where the evidence shows the precise cause of the accident, as in Winship v. New York, New Haven & Hartford R. R. Co.,

170 Mass. 464, 49 N. E. 647, and Buckland v. New York, N. H. & H. R. R. Co., 181 Mass. 3, 62 N. E. 955, and similar cases, there is, of course, no room for the application of the doctrine of presumption. The real cause being shown, there is no occasion to inquire as to what the presumption would have been if it had not been shown; but if, at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are justified in relying upon presumptions, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumptions applicable to it.' * * * A mere attempt to prove negligent acts hardly justifies the conclusion that a plaintiff knows the cause of the accident.'' This case was followed in the later case of Smith v. Creve Coeur Drayage & Motorbus Co., 220 Mo. App. 1122, 296 S. W. 457. And see Powell v. St. Joseph Ry., Light, Heat & Power Co., 336 Mo. 1016, 81 S. W. (2d) 957.

The applicable rule is succinctly stated in Greyhound Lines, Inc., v. Patterson, 14 Tenn. App. 652, 657, as follows: ''Where res ipsa loquitur is otherwise applicable, a plaintiff does not lose the benefit of that presumption by alleging specific acts of negligence of the carrier which he fails to prove (Nashville Interurban Railway Co. v. Gregory, 137 Tenn. 422, 433, 193 S. W. 1053), or by introducing evidence tending to show specific acts of negligence which caused the accident resulting in injury to the plaintiff, if at the close of the evidence the cause does not clearly appear, or if there is a dispute as to what it was. Smith v. Creve Coeur Drayage &. Motorbus Co. [220 Mo. App. 1122], 296 S. W. 457; Malone v. Greyhound Lines, Inc. (Mo. App.), 22 S. W. (2d) 199; Price v. Metropolitan Street Railway Co., 220 Mo. 435, 119 S. W. 932, 132 Am. St. R[ep.] 588, 600; Cassady v. Old Colony Street Railway Co., 184 Mass. 156 [, 68 N. E. 10], 63 L. R. A. 285.

''It follows from the rules we have stated that when plaintiffs

proved, as they did, that they were injured by the overturning of defendant's bus under the circumstances shown in their testimony, and their evidence did not disclose the proximate cause of the accident, they were entitled to a verdict in their favor, unless the defendant proved that its negligence did not cause the injury to the plaintiffs, and that the exercise of due care on its part could not have prevented the injury. [Illinois Cent.] Railroad [Co.] v. Kuhn, supra [107 Tenn. 106, 112, 64 S. W. 202] ; 5 R. C. L., p. 76; 20 R. C. L., p. 187, 1 Berry on Automobiles (6th Ed.), sec. 724, p. 600; Stegman v. People's Motorbus Co. (Mo. App.), 297 S. W. 189, 192; Annotation, 45 A. L. R., p. 387.''

Here it is true that plaintiff submitted proof of a specific act of negligence, but it was denied by witnesses offered by the defendant. The evidence does not clearly show the precise cause of the overturning of the bus. The jury's verdict would indicate that the act of negligence as to which plaintiff submitted some proof was not established as the cause of the accident.

In 38 Am. Jur., Negligence, sec 299, p. 996, it is said : ''* * * there seems to be a unanimous feeling among the courts that have considered the question that the mere introduction, under general allegations of negligence, of evidence of specific acts of negligence which are not proved to be the precise cause of the injury, and thus to preclude any inference of negligence, does not prevent resort by the plaintiff to the presumption of negligence arising out of the doctrine.''

That part of the instruction above quoted which stated that ▮ defendant is ''presumed to have fulfilled and performed all of the obligations and duties resting upon it,'' is unwarranted where, as here, there was an overturning of the bus. The usual presumption that a person has used ordinary care is overcome by the fact of the overturning of the bus. This raises an inference or presumption of negligence in its operation because in the ordinary course of events a bus does not overturn if the person in charge of its operation uses proper care.

Instructions embodying the presumption of due care are im-

proper in a case where the rule of *res ipsa loquitur* applies. Waite v. Pacific Gas & Electric Co., 56 Cal. App. (2d) 191, 132 Pac. (2d) 311; Pezzoni v. City and County of San Francisco, 101 Cal. App. (2d) 123, 225 Pac. (2d) 14, and cases there cited; and Maki v. Murray Hospital, 91 Mont. 251, 265, 7 Pac. (2d) 228.

Defendant contends that plaintiff is precluded from relying ▆ upon the doctrine of *res ipsa loquitur* because she made no objection to certain instructions given which placed the burden of proof upon her to prove the material allegations of her complaint by a preponderance of the evidence before she could recover. Such instruction is not objectionable, but upon another trial the court should go further and advise the jury that plaintiff has sustained that burden by showing the overturning of the bus which was concededly in the exclusive control and management of defendant, and resulting in injuries to her unless defendant has submitted evidence of equal or greater weight to overcome the inference of negligence. 38 Am. Jur., Negligence, sec. 363, note 20. By failing to object to the instructions placing the burden of proof upon plaintiff to establish the material allegations of the complaint, plaintiff was not precluded from relying on the doctrine of *res ipsa loquitur*.

The suggestion that plaintiff did not rely upon the doctrine ▆ of *res ipsa loquitur* in the court below and that she is now changing her theory is not sustained by the record. The doctrine is one that goes to the matter of proof rather than pleading, but it is noteworthy that plaintiff pleaded that defendant had the exclusive control of the bus and its operation and management and that she was a passenger for hire riding thereon at the time it overturned. The complaint was sufficient to apprise the defendant that plaintiff was relying on that doctrine.

The objection of plaintiff to instruction No. 20, above quoted, ▆▆ was specific that she was relying on the doctrine. The failure of plaintiff to offer an instruction embracing the doctrine under the circumstances here does not indicate that she

was not relying on it: Had plaintiff submitted an instruction contrary to instruction No. 20 and had it been given and she prevailed in the action, the verdict would not stand in the face of conflicting instructions. Furthermore, the failure to offer an instruction covering the subject would not operate as a waiver of the right to object to one in conflict with the doctrine where, as here, the facts show the doctrine was applicable. It is to be noted that plaintiff is not contending that there was error in not instructing the jury on the doctrine of *res ipsa loquitur*, a point stressed in the dissenting opinion. Plaintiff's complaint is that the court erroneously instructed the jury that the "defendant is presumed to have fulfilled and performed all of the obligations and duties resting upon it," even though the bus over which it had exclusive control overturned causing alleged injuries to plaintiff, a passenger for hire. In other words, plaintiff's complaint is directed to affirmative action taken over her objection in the giving of an erroneous instruction and not to what was left undone. Nor was plaintiff precluded from relying on this doctrine because of some evidence tending to show collision with the truck over which defendant had no control. See note in 83 A. L. R. 1166, and cases there cited.

We find nothing in the record which deprives plaintiff of the right to have the benefit of the doctrine of *res ipsa loquitur* nor of her right to object to an instruction contrary to the doctrine.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE METCALF, BOTTOMLY and FREEBOURN, concur.

MR. CHIEF JUSTICE ADAIR: (dissenting).

Claiming to have sustained injuries in the overturning of defendant's bus, in which, as a passenger, she was being carried from Seattle, Washington, to Butte, Montana, the plaintiff

Phyllis Whitney brought this action in the district court of Silver Bow county, Montana, to recover $85,000 as damages.

Except for admitting that the bus was under the exclusive control, operation and management of defendant and pleading unavoidable accident due to the sideswiping of the bus by a wobbly, weaving trailer pulled by a truck, the answer is a general denial.

"The burden is on plaintiff to establish that the defendant's negligence was the proximate cause of, or resulted in, the injury in question." 65 C. J. S., Negligence, sec. 209, page 970, note 27.

"Plaintiff has the burden of proof on the issue of unavoidable accident; unavoidable accident, although pleaded as a defense, is not an affirmative defense, and defendant does not have the burden of proving it * * *." 65 C. J. S., Negligence, sec. 209, page 972, notes 33, 34.

The case was tried to a jury. There were numerous conflicts in the evidence. After hearing all the evidence, the instructions of the court and the argument of counsel, the jury returned a verdict finding the issues in favor of defendant and against plaintiff. Plaintiff's motion for a new trial was denied and from the judgment entered on the jury's verdict plaintiff appealed.

*Reversal Based Solely on Claimed Error in Giving Instruction No. 20.* At the settlement of instructions plaintiff's counsel objected to the giving of the court's instruction No. 20. The Honorable T. E. Downey, district judge presiding, finding the objections lacking in merit, disallowed them and gave the instruction. The majority opinion declares such action of the trial judge to be error and, solely because thereof, orders the judgment reversed and the cause remanded for a new trial. I am unable to concur either in the opinion or result for the reasons which are hereinafter set forth.

*Instruction No. 20 is Correct.* There is nothing wrong with instruction No. 20. It consists of but two sentences.

The first sentence of the instruction states: "You are in-

structed that the fact of injury, if any, to the plaintiff raises no presumption of negligence on the part of the defendant.''

This is a correct statement of the law. There is nothing wrong, —nothing prejudicial in it.

''Plaintiff had the burden of proving negligence as alleged, by a preponderance of the evidence, and an inference of negligence cannot be drawn from the bare fact that an injury has occurred.'' Lesage v. Largey Lumber Co., 99 Mont. 372, 385, 386, 43 Pac. (2d) 896, 902.

''An inference of negligence cannot be drawn from the bare fact that an injury occurs.'' Mellon v. Kelly, 99 Mont. 10, 20, 41 Pac. (2d) 49, 52.

''There is not any instance where from the bare fact that an injury occurs an inference of negligence can be drawn.'' Lyon v. Chicago, Milwaukee & St. P. Ry. Co., 50 Mont. 532, 537, 148 Pac. 386, 387. To like effect see: State v. Bast, 116 Mont. 329, 338, 151 Pac. (2d) 1009; Baatz v. Noble, 105 Mont. 59, 67, 69 Pac. (2d) 579; 65 C. J. S., Negligence, sec. 220 (8), pages 1006, 1007.

The second or concluding sentence of the instruction states: ''You are instructed that the defendant is presumed to have fulfilled and performed all of the obligations and duties resting upon it, and before the plaintiff can recover in this action she must establish to your satisfaction, by a preponderance of all the evidence in the case, that the defendant herein was negligent in manner and form as specified in her said complaint, and that the said negligence of the defendant was the proximate cause of the injury to the plaintiff, if any, as 'proximate cause' is defined in these instructions.''

This is a proper instruction. It is a correct statement of the law.

''There is a time-honored universal rule of law—indeed it is as old as the law itself—that a person upon whom a duty has been placed is presumed to have performed it unless the contrary be made to appear.'' Atlantic Coast Line R. Co. v. Johnson, Fla., 40 So. (2d) 892, 895.

Simpson v. Hillman, 163 Or. 357, 97 Pac. (2d) 527, 529, holds that "the law presumes the exercise of due care and it is incumbent upon the party charging negligence to establish it by the greater weight of the evidence."

In Yeary v. Holbrook, 171 Va. 266, 198 S. E. 441, 449, the trial court gave an instruction reading: "The court instructs the jury that simply because the plaintiff was hurt in a collision with the defendants' vehicle, does not entitle the plaintiff to a verdict. This action is based on negligence, and you cannot infer negligence on the part of the defendants' driver from the mere happening of the accident. The presumption is that the defendants' driver was free from negligence and this presumption applies at every stage of the case.

"The burden is on the plaintiff to prove, by the preponderance of the evidence that the defendants' driver was guilty of negligence that caused the accident. If, after hearing all the evidence, you are uncertain as to whether the defendants' driver was guilty of such negligence, and it appears equally as probable that he was not as that he was, you should find for the defendants."

On appeal the supreme court of appeals found no error in the above instruction and, *inter alia*, said: "In the absence of evidence on a question of negligence the presumption is that the actor is free from negligence. * * * A presumption of the proper performance of duty applies to plaintiff as well as defendants. Such presumptions must be overcome by evidence. One presumption cannot be built upon another. * * * The burden is on the plaintiff in civil suits or actions to prove his case by a mere preponderance of the evidence."

There is no presumption that the defendant is a wrongdoer nor that its bus driver violated the law of the road nor that he was guilty of negligence. On the contrary the provisions of R. C. M. 1947, sec. 93-1301-7, subds. 1 and 33, expressly indulge the presumptions: "1. That a person is innocent of crime or wrong. * * * 33. That the law has been obeyed."

In Varn v. Butte Electric Ry. Co., 77 Mont. 124, 129, 249 Pac.

1070, 1071, it is said: "To justify recovery in a personal injury action the plaintiff has the burden of proving not only that the defendant was negligent, but also that such negligence was the proximate cause of the injury. Proof of each of these elements is indispensable. [Citing case.] 'A verdict cannot rest upon conjecture, however shrewd, nor upon suspicion, however well grounded.' Fisher v. Butte Electric Ry. Co., 72 Mont. 594, 235 Pac. 330."

In Tucker v. Missoula Light & Ry. Co., 77 Mont. 91, 100, 250 Pac. 11, 15, it is said: "It is elementary that in any case the party asserting a right has the burden of proving each of the material allegations of his cause of action." Citing sec. 10616, Rev. Codes 1921 (now R. C. M. 1947, sec. 93-1501-1) and cases.

*Objections to Instruction No. 20.* To the giving of instruction No. 20, supra, the plaintiff objected as follows:

"As to that we object for in this particular case when the unusual turnover is proven and not disputed the relation of carrier and passenger and the law relative thereto shifts the burden of proof to the defendant to show that it was not negligent, and that there is no duty remaining on the plaintiff to carry the burden further than the physical facts that are shown by the undisputed evidence and are admitted to have happened in this case.

"We have a further objection on the instruction on the ground that there is no presumption in this case that the defendant is presumed to have fulfilled and performed all the obligations and duties resting upon it."

In her objections to the giving of instruction No. 20 the plaintiff first contends that when once the turnover is proven and not disputed and the relation of carrier and passenger is shown, thereupon *the law* "shifts the burden of proof to the defendant to show that it was not negligent, and that there is no duty remaining on the plaintiff to carry the burden further than the physical facts that are shown * * * to have happened in this case."

The law of this jurisdiction does not thus shift the burden

of proof to the defendant. It does not require that defendant show that it was not negligent.

As was said by this court in Lyon v. Chicago, Milwaukee & St. P. Ry. Co., 50 Mont. 532, 537, 148 Pac. 386: "If by the objection made counsel meant to urge that the burden of proof shifted to defendants, they were in error. Upon the issue of defendants' negligence plaintiff had the affirmative, and every rule of law and logic imposes upon her the burden of proving that negligence as alleged by a preponderance of the evidence."

It is necessary in every personal injury case to prove negligence. Maki v. Murray Hospital, 91 Mont. 251, 262, 7 Pac. (2d) 228. "Negligence is not to be presumed; it must be proved". Loudon v. Scott, 58 Mont. 645, 657, 194 Pac. 488, 492, 12 A. L. R. 1487. "It will not be presumed." Reino v. Montana Mineral Land, etc., Co., 38 Mont. 291, 295, 99 Pac. 853, 854.

*The Burden of Proof is Upon Plaintiff.* R. C. M. 1947, sec. 93-1501-1 provides: "The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side."

"The right to recover for personal injury is grounded in negligence, and the burden of pleading and proving negligence is upon the injured party." Heck v. Northern Pac. Ry. Co., 59 Mont. 106, 113, 196 Pac. 521, 522. Also see: Byrnes v. Butte Brewing Co., 44 Mont. 328, 333, 119 Pac. 788, Ann. Cas. 1913B, 440; Scheytt v. Gallatin Valley Milling Co., 54 Mont. 565, 572, 172 Pac. 321.

*The Burden of Proof Never Shifts.* It has long been the well settled law in Montana that the burden, which rests upon the plaintiff to establish the material averments of her complaint by the preponderance of all the evidence, never shifts and in a case where the plaintiff may be aided by a permissive inference as *prima facie* support of her contention, her opponent need do no more than counter-balance such permissive inference or *prima facie* case,—he is not required to overbalance or outweigh it and when the whole of the evidence upon the issue involved

leaves the case in equipoise, the one affirming on whom rests the burden must lose. R. C. M. 1947, sec. 93-1501-1; Kipp v. Silverman, 25 Mont. 296, 305, 64 Pac. 884; Hopkins v. Kissinger, 31 Ohio App. 229, 166 N. E. 916.

"The doctrine of *res ipsa loquitur* is not, as sometimes assumed, an exception to the rule that in personal injury cases the plaintiff must prove actionable negligence." Johnson v. Herring, 89 Mont. 420, 425, 300 Pac. 535, 536.

"'The doctrine of *res ipsa loquitur* does not cast upon the defendant the burden of disproving negligence in the sense of making it incumbent upon him to establish freedom from negligence by a preponderance of the evidence.' 20 R. C. L. 195; Johnson v. Herring [89 Mont. 420, 300 Pac. 535]; Maki v. Murray Hospital [91 Mont. 251, 7 Pac. (2d) 228]. The doctrine does not alter the general rule that the burden is upon the plaintiff throughout the case to prove the negligence complained of." Vonault v. O'Rourke, 97 Mont. 92, 107, 33 Pac. (2d) 535, 541, followed in Hickman v. First National Bank, 112 Mont. 398, 117 Pac. (2d) 275.

"Counsel for plaintiff, in concluding his brief, insists that, having shown the injury and the cause of it, a *prima facie* case of negligence was made out; and a few decided cases from other jurisdictions are cited which, in principle, lend support to the contention, but the subject has been covered thoroughly by our own decisions; and, since they are in harmony with the overwhelming weight of authority and are grounded in sound reasoning, we are not disposed to depart from them." Heck v. Northern Pac. Ry. Co., 59 Mont. 106, 112, 196 Pac. 521, 522.

"Plaintiff's motion for judgment charges negligence, and this he must prove by a preponderance of the evidence. 'The burden of proof' never shifts." Darden v. Murphy, 176 Va. 511, 11 S. E. (2d) 579, 580.

"The burden of proving negligence, however, never shifts but rests at every stage of the case upon the party alleging it." Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 Pac. (2d) 168, 171. "The burden of proving defendant's alleged

negligence was on plaintiff throughout.'' Dempsey v. Horton, 337 Mo. 379, 84 S. W. (2d) 621, 624.

''The sixth instruction was incorrect in saying that the burden of proof was on defendant to show that the collision was not the result of negligence on his part. The burden of proof does not shift, but continued on plaintiff regardless of whether any presumption arose against him.'' Baker v. Zimmerman, 179 Iowa 272, 161 N. W. 479, 482.

In Wright v. Straessley, 321 Pa. St. 1, 182 A. 682, 683, the jury was instructed, *inter alia*, that ''as a matter of law, as affecting the burden of proof or shifting of the burden of proof in this case, that where a thing such as an automobile is shown to be under the management of the defendant, and the action is such that in the ordinary course of things an accident does not happen if proper care is used, the burden is on the defendant to prove that the accident did not arise for want of care.'' Concerning the instruction the supreme court said: ''This part of the charge standing alone might constitute sufficient grounds for a reversal in this case, as its purport is to cast the burden of proof upon the defendant. The burden of proof is never on the defendant in a case of this kind.''

In Riggsby v. Tritton, 143 Va. 903, 129 S. E. 493, 494, 45 A. L. R. 280, the trial court gave this instruction: ''If the jury believe from the evidence that H. E. Riggsby was a common carrier of passengers, and that the plaintiff was his passenger, and that while such passenger the plaintiff was injured as a result of a collision between the jitney and the automobile of the defendant Franklin, then the court instructs the jury that there is a *prima facie* presumption that the accident and injury occurred by reason of the negligence of H. E. Riggsby and the burden of proof * * * is upon him to show that he was without negligence in the collision.''

The appellate court held the instruction to be erroneous and said, quoting from Desmarchier v. Frost, 91 Vt. 138, 99 A. 782, 783; ''The doctrine of *res ipsa loquitur* does not affect the burden of proof, or transform the general issue into an affirma-

tive defense." See: Anderson v. Sisson, 170 Va. 178, 196 S. E. 688, 690; McDowell v. Norfolk Southern R. Co., 186 N. C. 571, 120 S. E. 205, 42 A. L. R. 857, and note 865; Gray V. Baltimore & O. R. Co., 7 Cir., 24 F. (2d) 671, 59 A. L. R. 461, and note 468; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, 92 A. L. R. 641, and note 653.

*The Objections to Instruction No. 20 are without Merit.* The foregoing authorities clearly demonstrate the want of merit in plaintiff's first objection to instruction No. 20 wherein she erroneously contends that the law "shifts the burden of proof to defendant to show that it was not negligent."

Plaintiff's second objection to instruction No. 20 wherein she erroneously contends that there is no presumption that the defendant is presumed to have fulfilled and performed the obligations and duties resting upon it is likewise without merit. "As a general rule, negligence on the part of the defendant is never presumed, but is a matter for affirmative proof. * * * On the other hand, the presumption is in favor of innocence or performance of duty and against the existence of negligence, and in the absence of affirmative proof it will be presumed that defendant or his servants were not guilty of negligence but exercised due care with respect to the thing or condition which caused the accident." 65 C. J. S., Negligence, sec. 204, pages 954, 955. See R. C. M. 1947, sec. 93-1501-1; Atlantic Coast Line R. Co. v. Johnson, supra; Simpson v. Hillman, supra; Yeary v. Holbrook, supra; Varn v. Butte Electric Ry. Co., supra; Tucker v. Missoula Light & Ry. Co., supra; R. C. M. 1947, sec. 93-1301-7, subds. 1 and 33.

Subdivision 5 of section 93-5101, R. C. M. 1947, in part, provides: "When the evidence is concluded, if either party desires special instructions to be given to the jury, such instructions shall be reduced to writing and numbered by the party, or his attorney, and, together with the written request asking the same, and signed by the party or his attorney, delivered to the court. At all times prior to charging the jury the instructions to be given shall be, without the presence of the jury, settled

by the court, at which settlement counsel for the parties shall be allowed seasonable opportunity to examine the instructions requested and proposed to be given by the court, and to present and argue to the court objections and exceptions to the adoption or rejection of any instruction offered by counsel, or proposed to be given to the jury by the court. On such settlement of the instructions, the respective counsel, or the parties, shall specify and state the particular ground on which the instruction is objected or excepted to, and it shall not be sufficient, in stating the ground of such objection or exception, to state generally that the instruction does not state the law, or is against law, but such ground of objection or exception shall specify particularly wherein the instruction is insufficient or does not state the law, or what particular clause therein is objected to.''

*Instructions Nos. 3, 4 and 24 were Given Without Objection.* After all the evidence had been concluded and, wholly without objection on the part of plaintiff, the trial court settled and gave its instructions numbered 3, 4 and 24 as follows:

''*No. 3. You are instructed that the burden of proof is upon the plaintiff in this action, and she must prove the material allegations of her complaint, not admitted* in the Answer of defendant *by a preponderance of all the evidence* and if she has failed to do so, your verdict must be for the defendant.''* Emphasis supplied.

''*No. 4. You are instructed that the plaintiff can recover, if at all, in this action only by proving the allegations as to the negligence of the defendant as set out in her complaint,* that is to say: You must not consider any fact or circumstance or any other matters or issues except such as are presented by the pleadings in the case and the testimony and the evidence tending to prove the issues raised by the pleadings which have been admitted by the Court.'' Emphasis supplied.

''*No. 24.* You are instructed that if you find from the evidence herein that the overturning of the bus of defendant company in which plaintiff was a passenger on January 13, 1949, was not due to any carelessness or negligence of the driver of

said bus, then your verdict cannot be for the plaintiff and you must find from your verdict for the defendant herein.''

By her failure to object to the giving of the above instructions plaintiff consented to the rules which are therein announced and will not be heard on her appeal to this court to urge a theory in conflict therewith. Wallace v. Weaver, 47 Mont. 437, 445, 133 Pac. 1099. Compare: Dempster v. Oregon Short Line R. R. Co., 37 Mont. 335, 341, 96 Pac. 717; Brennan v. Mayo, 100 Mont. 439, 445, 50 Pac. (2d) 245; Pilgeram v. Haas, 118 Mont. 431, 453, 167 Pac. (2d) 339, 350; Kornec v. Mike Horse Mining & Milling Co., 120 Mont. 1, 18, 19, 180 Pac. (2d) 252.

*Instructions Nos. 10, 13 and 15 given at Plaintiff's Request.* The plaintiff tendered and, at her request, the trial court gave instructions numbered 10, 13 and 15 as follows:

"*No. 10.* You are instructed that the defendant corporation is liable for the negligence of its bus driver acting within the scope of his authority, *and if it is proven by a preponderance of all of the evidence in this case* that Phyllis Whitney was injured, as alleged in her amended complaint, as the proximate result of the negligence of the defendant, by its bus driver, while acting within the scope of his authority, then your verdict must be for the plaintiff and against the defendant corporation.'' Emphasis supplied.

"*No. 13.* Every person operating or driving a vehicle of any character on a public highway shall drive the same in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and so as not to unduly and unreasonably endanger the life, limb, property, or other rights of any person entitled to the use of the highway.

"*If you find from a preponderance of all of the evidence in this case* that defendant's driver failed and neglected to obey this law, and that as the proximate result thereof Phyllis Whit-

ney was injured, then your verdict should be in favor of the plaintiff." Emphasis supplied.

"*No. 15. If you believe from a preponderance of all of the evidence in this case* that the bus driver, C. H. Howard, saw, or by the exercise of the utmost care on his part he could have seen the truck and trailer ahead of him weaving while it was being brought to a stop by the driver thereof, then it was the duty of said bus driver, C. H. Howard, to use the utmost care to have his bus under reasonable control. The duty to keep a lookout implies a duty to see what is in plain view, and the said bus driver was bound to use the utmost care and diligence in operating his motor bus with reference to those whom he sees and to those whom he should see, in the exercise of the utmost care."

The instructions so given by the trial court, either without objection or at plaintiff's request, are indicative of the theory on which the case was tried. "Having adopted or acquiesced in a theory of the case in the trial court, and permitted the trial judge to try it upon that theory, counsel will not be permitted to say, either on motion for new trial or on appeal to this court, that the trial court adopted the wrong theory." Dempster v. Oregon Short Line R. R. Co., 37 Mont. 335, 341, 96 Pac. 717, 719. The instructions so given became the law of the case. Chancellor v. Hines Motor Supply Co., 104 Mont. 603, 614, 69 Pac. (2d) 764; Baron v. Botsford, 108 Mont. 356, 361, 90 Pac. (2d) 510; Melzner v. Chicago, Milwaukee and St. P. Railway Co., 51 Mont. 487, 153 Pac. 1019; Tripp v. Silver Dyke Mining Co., 70 Mont. 120, 224 Pac. 272; In re Bright's Estate, 89 Mont. 394, 400, 300 Pac. 229.

*Failure to Tender Instructions.* When the evidence was concluded plaintiff's counsel delivered to the trial judge certain proposed special instructions which had been reduced to writing and numbered together with counsel's written request that they be given to the jury. This was in compliance with the requirements of subdivision 5 of section 93-5101 of the Codes. Nineteen of plaintiff's tendered instructions were given and three were

refused. There was no request for the giving of any instruction that the evidence of the occurrence of the accident with resulting injury to the plaintiff either warrants or justifies the jury in drawing an inference of negligence. There was no tender of any instruction invoking the doctrine of *res ipsa loquitur* and no such instruction was given.

Plaintiff specifies as error the refusal to give her tendered instructions Nos. 32, 33 and 34, but none thereof is on the doctrine of *res ipsa loquitur*.

How then may the majority rightfully say that the principal legal question presented on this appeal is whether the doctrine of *res ipsa loquitur* applies and if so was the jury properly instructed on the subject?

Such question is not presented to this court by the record now before it. Such question is not properly before us on this appeal.

Of course the jury was not instructed on the doctrine of *res ipsa loquitur*. Neither party tendered any instruction on the doctrine. Neither party asked that the jury be instructed on the subject. The reason for this failure is quite apparent. The case was not tried on that theory.

R. C. M. 1947, sec. 93-5101, supra, defines the authority of the supreme court in its review of questions arising upon instructions given. Subdivision 5 of this statute limits this court, in its review, to the particular objections urged upon the trial court at the time the instructions were settled and is conclusive against the right of plaintiffs to inject into the case a new and different doctrine and theory than that on which plaintiff tendered and requested instructions, by simply objecting to the giving of the court's instruction 20, which instruction said nothing concerning either the doctrine of *res ipsa loquitur* or the ''shifting of the burden of proof.'' Compare: Humber v. Marshall, 60 Mont. 267, 269, 198 Pac. 747; Brennan v. Mayo, 100 Mont. 439, 445, 50 Pac. (2d) 245; Pilgeram v. Haas, 118 Mont. 431, 453, 454, 167 Pac. (2d) 339.

Should plaintiff's counsel have desired the jury instructed

on the doctrine of *res ipsa loquitur* it was their duty under the requirements of subdivision 5 of section 93-5101 of the Codes to tender such instruction and request that it be given. Compare Zanos v. Great Northern Ry. Co., 60 Mont. 17, 22, 198 Pac. 138. Having failed to tender or request the giving thereof plaintiff may not now complain that no such instruction was given. Compare Mulligan v. Montana Union Ry. Co., 19 Mont. 135, 141, 47 Pac. 795.

"If the plaintiff desired an instruction covering the point now urged by her, it was the duty of counsel to tender one upon the point embodying their ideas." Kansier v. City of Billings, 56 Mont. 250, 264, 184 Pac. 630, 635.

In Mills v. Los Angeles Junk Co., 3 Cal. App. (2d) 546, 40 Pac. (2d) 285, 286, it is said: "The primary question raised by appellant is that the court should have given an instruction which he claims he requested on the subject of *res ipsa loquitur*. * * * The record on appeal nowhere indicates a request for the proposed instruction. * * * Since the record on appeal shows no request for an instruction on the subject of *res ipsa loquitur,* the only remaining question is whether or not the court of its own motion should have given an instruction on the subject of *res ipsa loquitur,* conceding for the purposes of this appeal that the facts would warrant the giving of such an instruction.

"There is no ambiguity in the law on this subject, it being thoroughly settled that the court, under such circumstances, is not bound to give one.

" 'The rule is well established that the failure of a trial court to give an instruction may not be reviewed on appeal unless the record specifies the instruction and shows that it was requested and refused. * * *' McFate v. Zuckerman, 130 Cal. App. 172, 19 Pac. (2d) 532, 534." See also to the same effect: Perry v. City of San Diego, 80 Cal. App. (2d) 166, 181 Pac. (2d) 98, 101; Alexander v. McDonald, 86 Cal. App. (2d) 670, 195 Pac. (2d) 24, 25; Kantlehner v. Bisceglia, 102 Cal. App. (2d) 1, 226 Pac. (2d) 636, 640.

Milam v. Mandeville Mills, 41 Ga. App. 62, 151 S. E. 672, 674,

552

holds that in the absence of a request therefor, the trial court did not err in failing to give, on its own motion an instruction on the doctrine of *res ipsa loquitur*.

Plaintiff did not convert defendant's offered instruction 20 into a request for instruction on a different doctrine and theory merely by urging the erroneous objections that the law "shifts the burden of proof to defendant to show that it was not negligent."

The law is as stated in 65 C. J. S., Negligence, sec. 220(9), page 1023, which states: "* * * the general rule that the burden of proving negligence on the part of defendant rests throughout the trial on plaintiff is generally held not affected by the doctrine of res ipsa loquitur, and the burden is still on plaintiff to establish the negligence of defendant, and, on the whole evidence, he must have the preponderance in order to succeed, although where defendant fails to overcome the presumption or inference raised by the doctrine this burden is sustained. The application of the doctrine of res ipsa loquitur does not convert defendant's plea of the general issue or general denial into an affirmative defense with respect to the burden of proof."

In Johnson v. Herring, 89 Mont. 420, 425, 426, 300 Pac. 535, 536, this court said: "The phrase *'res ipsa loquitur'*, * * * does not mean that proof of the accident alone warrants recovery in cases to which the doctrine is applicable, but is merely a short way of saying that the circumstances attendant upon the accident are, of themselves, of such a character as to justify a jury in inferring negligence as the proximate cause of the accident. [Citing cases.] 'The *res,* therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence.' * * * The doctrine * * * is applied 'upon the theory that the plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, but that the defendant,

having its exclusive management and control, and being thus more favorably situated, possesses the knowledge of the cause of the accident, and should, therefore, be required to produce the evidence in explanation.' When properly applied, it 'operates to make out a prima facie case, but goes no further.' Lyon . v. Chicago, etc., Ry. Co., 50 Mont. 532, 148 Pac. 386, 388.''

The underlying reason for the doctrine of *res ipsa loquitur* and "the particular force and justice" thereof is "that the chief evidence of the true cause * * * is practically accessible to him (defendant) but inaccessible to the injured person." See 9 Wigmore on Evidence, Third Ed., sec. 2509, pp. 380, 384, quoted with approval in Maki v. Murray Hospital, 91 Mont. 251, 263, 264, 7 Pac. (2d) 228.

The doctrine of *res ipsa loquitur* is not one of substantive law but merely one of evidence. Fink v. New York Central R. Co., 144 Ohio St. 1, 56 N. E. (2d) 456, 460; Farina v. First Nat. Bank, 72 Ohio App. 109, 51 N. E. (2d) 36, 37, 169 A. L. R. 1341, 1343, 1344; Terrell v. First Nat. Bank & Trust Co., 204 Okl. 24, 226 Pac. (2d) 431, 437.

The doctrine furnishes *prima facie* evidence of negligence, entitling the plaintiff to have his case go to the jury. Vonault v. O'Rourke, 97 Mont. 92, 106, 33 Pac. (2d) 535; Maki v. Murray Hospital, 91 Mont. 251, 7 Pac. (2d) 228.

Where applicable the doctrine furnishes merely a permissible evidential inference and is not controlling upon the jury. As is stated in 65 C. J. S., Negligence: "The doctrine of res ipsa loquitur warrants an inference of negligence but does not compel it; it is the jury, and not the court, that is permitted to make the inference." Sec. 220(9), pages 1025-1026. "The doctrine of res ipsa loquitur is of limited scope and ordinarily should be applied sparingly and with caution; since its applicability in any particular case depends on the facts and circumstances thereof, no general rule can be laid down to govern its application." Sec. 220, (10), page 1030.

*Majority View.* It will be noted the decisions of the Supreme Court of Montana are in accord with the majority view appear-

ing in 153 A. L. R. pages 1136, 1137, viz.: ''According to the view supported by the weight of authority, the doctrine of res ipsa loquitur warrants an inference of negligence, but does not compel such an inference; it is sufficient to take a case to the jury and to support a verdict for the plaintiff, but it does not forestall the verdict. This view was thus stated by the federal Supreme Court in a leading case [Sweeney v. Erving (1913), 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905] : 'In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.' ''

The doctrine of *res ipsa loquitur* is as stated in 2 Bouvier's Law Dictionary, Rawle's Third Edition, page 2909, viz.: ''The doctrine means that the facts of the occurrence warrant an inference of negligence, not that they compel such an inference. It does not shift the burden of proof, nor does it convert the defendant's general issue into an affirmative defense. When all the evidence is in, it is for the jury to determine whether the preponderance is with the plaintiff; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815. Whether the defendant introduces evidence or not, the plaintiff is not entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were attributable to the defendant's negligence; Stewart v. [Van Deventer] Carpet Co., 138 N. C. [60] 66, 50 S. E. 562.'' See also: Glowacki v. North Western Ohio Ry. & Power Co., 116 Ohio St. 451, 157 N. E. 21, 23, 25, 53 A. L. R. 1486; George Foltis, Inc., v. City of New

York, 287 N. Y. 108, 121, 38 N. E. (2d) 455, 462, 153 A. L. R. 1122; Johnson v. Stevens Building Catering Co., 323 Ill. App. 212, 218, 55 N. E. (2d) 550, 553; Briglio v. Holt & Jeffery, 85 Wash. 155, 147 Pac. 877, 879.

"A *prima facie* case' is one where the evidence is sufficient to justify, but not to compel, an inference of liability, or, in other words, evidence to be weighed, but not necessarily to be accepted by a jury or other trier of the fact." McCoy v. Courtney, 25 Wash. (2d) 956, 962, 172 Pac. (2d) 596, 600, 170 A. L. R. 603.

"Prima facie evidence is that which suffices for the proof of particular fact, until contradicted and overcome by other evidence. For example, the certificate of a recording officer is prima facie evidence of a record, but it may afterward be rejected upon proof that there is no such record." R. C. M. 1947, sec. 93-301-11.

"The res ipsa rule should not be confused with the proposition that negligence, like other facts, may be proven by circumstantial evidence. Existence of circumstantial evidence of negligence in a particular case does not mean the res ipsa doctrine is applicable in that case. Nor does rejection of such doctrine in a given case mean that negligence may not be established in that case by circumstantial evidence." Eaves v. City of Ottumwa, 240 Iowa 956, 38 N. W. (2d) 761, 769, 11 A. L. R. (2d) 1164.

In 65 C. J. S., Negligence, it is said: "The burden is on plaintiff to establish that the defendant's negligence was the proximate cause of, or resulted in, the injury in question. * * * Plaintiff has the burden of proof on the issue of unavoidable accident; unavoidable accident, although pleaded as a defense, is not an affirmative defense, and defendant does not have the burden of proving it, * * *." Sec. 210 pages 970-972. "The doctrine of res ipsa loquitur is a rule of evidence according to the many decisions on the question, rather than a rule of pleading or of substantive law or an independent ground of liability. * * * The rule, however, when applicable to the facts and circumstances of a particular case is not intended to and does not

dispense with the requirement of proof of culpable negligence on the part of the party charged; it merely determines or regulates what shall be prima facie evidence thereof.'' Sec. 220(3), pages 993-996. ''In order that the doctrine of res ipsa loquitur may apply, plaintiff must first present sufficient proof of the existence of the elements necessary to bring the doctrine into operation; the inference arising from the rule does not supply the foundation facts from which the rule arises, and the application of the doctrine to a particular state of facts cannot be based on speculation alone.'' Sec. 220(4), page 1000. ''Although * * * the doctrine of res ipsa loquitur provides a substitute for direct proof of negligence, the rule is nevertheless one of necessity to be invoked only when, under the circumstances involved, direct evidence is absent and not readily available. Hence, the * * * inference arising from the doctrine cannot be availed of, or is overcome, where plaintiff has knowledge and testifies as to the specific act of negligence which is the cause of the injury complained of, or where there is direct evidence as to the precise cause of the accident and all the facts and circumstances attendant upon the occurrence clearly appear.'' Sec. 220(6), pages 1002, 1003. ''Accordingly, where there are two or more persons or causes which might have produced the injury, some, but not all, of which were under the control of defendant or for which he was legally responsible, plaintiff, in order to invoke the doctrine, must exclude the operation of those causes for which defendant is under no legal obligation. * * * where all the facts connected with the occurrence fail to point to the negligence of defendant as the proximate cause of the injury, but show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, as where there are several persons or causes which might have produced the injury, some of which were under the control or management of defendant and others of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably

occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked. * * * the doctrine cannot be invoked where there is a divided responsibility and the accident is due in part to the act of a third party over whom defendant has no control, or is due to a cause or instrumentality over which defendant had no control.'' Sec. 220(8), pages 1011-1017.

It is apparent from the record that in the conduct of the trial in the district court,—in the opening of her case,—in the production of her evidence,—in the settlement of the instructions and in the argument of the cause, the plaintiff recognized that the burden was upon her throughout the case to prove the negligence of which she complained. In the conduct of the trial much depends upon recognizing the "party on whom rests the burden of the issues" (sec. 93-5101, subds. 1 and 3),—"the party upon whom rests the burden of proof" (sec. 93-5101, subd. 7), and such role was at all times assumed by plaintiff and her counsel. This was her proper role and because the burden of proof did not shift from her to defendant in the middle of the case but continued to rest upon plaintiff throughout when the evidence was concluded, her counsel were accorded and they exercised the right to commence and conclude the argument to the jury. Such right is given only to "the party upon whom rests the burden of proof". R. C. M. 1947, sec. 93-5101, subd. 7, supra.

*The Evidence.* At the trial thirteen witnesses testified for plaintiff and eleven for defendant. The record shows the accident occurred on January 13, 1949, at about midday, after the bus had left Cle Elum and before it reached Ellensburg, Washington. Considerable snow had fallen sometime before but the paved portion of the public highway had been cleared and the snow plowed therefrom and deposited along the shoulders of the highway leaving the paved portion dry. The weather was clear but cold and the sun was shining. The plaintiff occupied the first seat in the bus and sat directly behind the bus driver. From such point of vantage plaintiff was enabled to and did observe the driver's operation and management of the bus as well as the highway ahead.

*Plaintiff's Testimony.* In support of her charges of neglect on the part of defendant's bus driver, plaintiff on her direct examination at the trial, testified:

That as the bus was approaching Ellensburg at a speed of 50 miles per hour she observed a truck and trailer on the highway about one-eighth of a mile ahead traveling in the same direction as the bus; that she noticed that the trailer was swaying or "jack knifing" in the road; that at such time she observed the bus driver was engaged in conversation with one Harold Oathes who sat beside plaintiff in the first seat; that when the bus was within about 300 feet of the trailer she saw and heard the bus driver commence to blow his horn and saw him turn to his left preparatory to passing the truck and trailer; that during this time she observed that the bus driver continued to turn and converse with Mr. Oathes; that, "the highway had been cleared and the snow scraped on the edge of the road off of the highway to the shoulder of the road, and I would judge it was about two feet high"; that in passing the truck and trailer the left front wheel of the bus got caught in the snow bank whereupon "the snow flew up over the windshield of the bus and you could not see anything" and that the bus driver could not then see where he was going for he kept running right in the snow for a distance of about 150 feet when all of a sudden and when the speed of the bus had slackened to about 35 miles per hour the bus turned over. Plaintiff also gave testimony as to the nature and extent of her claimed injuries. Plaintiff's testimony standing alone made out a *prima facie* case for the jury. Accordingly when plaintiff rested her case in chief there was no motion for non-suit but instead defendant immediately proceeded to introduce its evidence.

On defendant's case both the bus driver and the witness Harold Oathes denied that they had engaged in any conversation at the time testified to by plaintiff or at any time when the bus was in motion. Numerous other disputes and conflicts appear in the testimony offered by the respective parties but the resolution of these conflicts was for the jury and it decided

the issues in favor of the defendant. Compare Kornec v. Mike Horse Mining & Milling Co., 120 Mont. 1, 7, 180 Pac. (2d) 252.

Thus did the plaintiff by testifying to what she had seen while occupying the first seat in the bus, including her statements and explanations as to the proximate cause of the accident and the manner in which it occurred, make out a case for the jury. This she did without invoking the doctrine of *res ipsa loquitur*. Plaintiff's evidence was of a much higher grade and degree than that of merely permissible inferences afforded by the doctrine of *res ipsa loquitur* in cases to which the doctrine is applicable. Plaintiff submitted her case on primary and direct evidence which was as fully accessible to her as to the defendant for which reason there was no need for her to rely upon permissible inferences that are indulged only when primary and direct evidence is not accessible to plaintiff and where, without the aid of such permissible inferences, plaintiff would be unable to make out a *prima facie* case or protect herself against motions for non-suit or directed verdict. Here there was no motion for non-suit at the close of plaintiff's case and there was no motion for a directed verdict at the conclusion of all the evidence, for all recognized that by ample primary and direct evidence plaintiff had made out a case for the jury.

The facts and circumstances so shown by this sort of evidence rendered inapplicable the doctrine of *res ipsa loquitur*. For these reasons, plaintiff's counsel neither invoked the doctrine nor did they tender or request any instruction thereon.

"The doctrine of res ipsa loquitur has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference and the necessity for the doctrine does not exist. Being a rule of necessity, it must be invoked only where evidence is absent and not readily available. It is not to be invoked when the evidence is available, and certainly not when it is actually presented. Nor has it any application where the cause of the accident is known and is not in question." 38 Am. Jur., Negligence, sec. 303, p. 999.

The failure of Judge Downey to give an instruction which

he was never requested to give may not properly be reviewed on appeal, and by express statute this court is prohibited from reversing the case on any such ground. The jury's verdict should be sustained. The judgment entered on such verdict should be affirmed.